### SANDOVAL v. DAVIS, Agent, etc.

(Circuit Court of Appeals, Sixth Circuit. April 3, 1923.)

No. 3740.

1. **Railroads ☞5½, New, vol. 6A Key-No. Series—Claim against Director General is against Government.**

A claim for damages for injuries caused under circumstances creating a legal liability against the Director General of Railroads is a claim against the United States government.

2. **Army and navy ☞51½, New, vol. 12A Key-No. Series—War risk insurance act prevents recovery from federal agent for injuries to soldier.**

A soldier injured while on active duty through the negligence of employees of Director General of Railroads, and who was receiving compensation for his injuries through the Bureau of War Risk Insurance, under Act Sept. 2, 1914 (as amended October 6, 1917), and Act June 25, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 514a–514vv), cannot recover for his injuries by an action against the Director General, notwithstanding the absence from the War Risk Insurance Act of the express provision of the federal Employees' Compensation Act (Comp. St. §§ 8932a–8932uu) denying such recovery, and the reference to the pension laws contained in War Risk Insurance Act, § 312.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by Jose E. Sandoval against James C. Davis, as Agent appointed under Transportation Act 1920, § 206 (41 Stat. 461). Judgment for defendant (278 Fed. 968), and plaintiff brings error. Affirmed.

Louis H. Winch, of Cleveland, Ohio (Payer, Winch, Minshall & Karch, of Cleveland, Ohio, on the brief), for plaintiff in error.

Walter T. Kinder, of Cleveland, Ohio (Tolles, Hogsett, Ginn & Morley, S. H. Tolles, and W. T. Kinder, all of Cleveland, Ohio, on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. Plaintiff in error, a soldier of the United States, injured while on active duty through the negligence of employees of the Director General of Railroads, applied for and received an award as compensation for his injuries through the Bureau of War Risk Insurance. Act Sept. 2, 1914, as amended October 6, 1917, and as further amended June 25, 1918, 40 Stat. pp. 405, 408 and 613 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 514a–514vv). He afterwards brought this suit against the Director General of Railroads to recover damages for negligently causing the same injury. On hearing upon pleadings judgment was entered for defendant.

[1] A claim for damages for injuries caused under circumstances creating a legal liability against the Director General of Railroads is a claim against the United States government. Railroad Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087. It is established by the recent decision of the Supreme Court that a recovery under the federal

Employees' Compensation Act (Act Sept. 7, 1916, 39 Stat. 742 [Comp. St. §§ 8932a–8932uu]) is a bar to action against the Director General for negligently causing the injury (Dahn v. Davis, 258 U. S. 421, 42 Sup. Ct. 320, 66 L. Ed. 696).

[2] In our opinion the decision in Dahn v. Davis is controlling of the instant case, notwithstanding the absence from the War Risk Insurance Act of the express provision of section 7 of the federal Employees' Compensation Act, cited in Dahn v. Davis, supra, 258 U. S. at page 429, 42 Sup. Ct. 320, 66 L. Ed. 696, and notwithstanding the reference to pension laws contained in section 312 of the War Risk Insurance Act. We think that an award under the War Risk Insurance Act is not so far a pension within the meaning of that act as to take the case out of the authority of Dahn v. Davis, supra.

The judgment of the District Court is affirmed.