**DAVIS, Director Gen. of R. R., v. HAGEN, Adm'x.**

No. 13275—Opinion Filed June 10, 1924.

Rehearing Denied Feb. 17, 1925.

**1. Negligence — Contributory Negligence—Jury Question.**

Under section 6, article 23, Constitution of Oklahoma, the defense of contributory negligence, or of assumption of risk is, in all cases whatsoever, a question of fact, and must at all times be left to the jury; and the verdict of the jury is conclusive upon such question. St. Louis, I. M. & S. Ry. Co. v. Lewis, 39 Okla. 677, 136 Pac. 396.

**2. Appeal and Error—Review—Questions of Fact—Verdict.**

Where there is competent evidence reasonably tending to support the verdict of the jury under proper instructions from the court, this court will not disturb the verdict. McConnell v. Watkins, 42 Okla. 214, 140 Pac. 1167.

**3. Railroads—Federal Control—Service of Process.**

Where a suit is brought against the Director General of Railroads of the United States, and no contract has been made with the carrier by or through the President for the conduct of litigation arising out of operation during federal control, and no service agent or officer has been designated by or through the President, as provided by section 206, Transportation Act, 1920, service upon the agent of the carrier or railway company, as provided by Oklahoma statutes, is sufficient.

**4. Same—Action for Injuries to Employe—Party Defendant.**

When an employe of a common carrier which is in charge of the Director General of Railroads receives injuries while in the discharge of his duties as such employe, resulting in death, his legal representative has the option of filing a claim for compensation with the Commission of Federal Compensation Act, or may sue the Director General of Railroads for damages.

**5. Negligence—Acts Relied on—Refusal of Instruction.**

Where various acts of negligence are alleged to have contributed to or caused the injury complained of, it is not error for the trial court to refuse to give a requested instruction which singles out one particular act or element of the alleged negligence upon which the plaintiff must rest his right to recover.

**6. Trial—Refusal of Requested Instruction Covered in Charge.**

It is not error to refuse to give special requested instructions on certain phases of the case, properly covered by the general instruction given by the court.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Major County; J. C. Robberts, Judge.

Action by Minnie E. Hagen, as administratrix and general representative of the estate of George J. Hagen, deceased, against James C. Davis, Director General of Railroads. Judgment for plaintiff, and defendant appeals. Affirmed.

E. A. Boyd and T. E. Willis, for plaintiff in error.

Cromwell & Roberts, for defendant in error.

Opinion by JONES, C. This suit was instituted in the district court of Major county, Okla., on the 11th day of January, 1921, by the appellee, Minnie E. Hagen, administratrix, and personal representative of the estate of George J. Hagen, deceased,

against the Kansas City, Mexico & Orient Railway Company, William T. Kemper, receiver for said corporation, and Walker D. Hines, former Director General of said corporation, to recover damages on account of the injury and death of George J. Hagen, an employe of the Director General. To which petition the defendants therein named, on February 4, 1921, filed a special appearance and plea in abatement. No action was taken on this pleading, so far as the record discloses, but thereafter, on March 18, 1921, plaintiff filed an amended petition against said defendants, and on March 23, 1921, the defendants filed a special appearance and plea in abatement to the amended petition, which was sustained by the court on April 4, 1921. On May 6, 1921, the plaintiff filed a second amended petition in which the names of the prior defendants were omitted and James C. Davis, as Director General of Railroads, was named defendant. Summons was issued under this second amended petition and on the same date to wit, the 6th day of May, 1921, was served by delivering a true and correct copy of same to L. W. Doran, agent. The second amended petition alleged, in substance, that the plaintiff, Minnie E. Hagen, is the duly appointed, qualified, and acting administratrix and personal representative of George J. Hagen, deceased; that on the 3rd day of June, 1919, the said George J. Hagen received injuries which resulted in his death by reason of the negligence of the defendant, his agents and employes in the operation of a certain engine and train; that said George J. Hagen, deceased, left surviving him the plaintiff, Minnie E. Hagen, widow, and five minor children named in the petition, being from two to ten years of age. That this plaintiff and said minor children were wholly dependent on the said George J. Hagen during his lifetime for their support and maintenance. That said plaintiff was a resident of Major county, Okla., at the time of the filing of this suit, and was such resident at the time of the injury and death of her husband, George J. Hagen, and aside from the other formal allegations of the plaintiff's petition, she alleges that the said George J. Hagen was an employe and acting as a brakeman on the Kansas City, Mexico & Orient Railroad, and that on the date of his injury and death, while working the train at Anthony, Kansas, that the train was uncoupled for the purpose of setting out a particular box car, and that the coupling disconnected was not in good repair and some difficulty was experienced, and noticed by the head brakeman at the time the cars were uncoupled. The deceased was in the discharge of his duties

and was at the immediate point where the cars were uncoupled, and was directed by the head brakeman to adjust a pin in the coupler, which was not working properly, and immediately after the engine pulled up with the line of cars which had been uncoupled, stepped between the cars in response to the direction of the head brakeman, to adjust the pin in the coupling, and it is alleged that one of the employes of the railroad company had given the signal to move forward, and immediately thereafter an employe on the opposite side of the train signaled the engineer to back up his train, and without giving any signal or warning, the train, after having moved forward only a few feet, was backed up, and the deceased was caught between the couplings, and received injuries from which he died in about 15 minutes thereafter. And that by reason of the defective coupler, and the negligence of the employes in charge of the train, the plaintiff received his injury, from which death resulted, and the plaintiff further alleges that the said George J. Hagen at the time of his death was about 33 years of age, strong, vigorous, industrious, and a kind and affectionate husband and father, and contributed about $150 per month to the maintenance and care of his family, and prays damages in the sum of $50,000.

After the filing of the second amended petition, issuance of summons and service of same, as heretofore stated, the said James C. Davis made a special appearance and filed motion to quash the summons for the reason that said summons was not served as required by law, and that at the time of the service of summons said railroad was being operated by William T. Kemper, receiver, and that no agreement had ever been entered into under the terms of which the said William T. Kemper, as receiver, should represent the United States Government or the Director General in the handling of suits growing out of federal control. That the said L. W. Doran was at the time of service of said summons, and is now the agent and employe of William T. Kemper, receiver, and not the agent or employe of said James C. Davis, Director General, and was not at the time of service of summons an agent appointed under the Transportation Act of 1920, upon whom service of summons might be had; thereafter, on the 21st day of June, 1921, the court overruled the motion to quash, and on July 9, 1921, the defendant James C. Davis filed a special appearance and plea to the jurisdiction of the court, to the effect that the suit was against the United States, that the action was founded in tort, and that there was no authority for

the institution of same, and that the court was without jurisdiction to hear and determine the same, and that said cause of action was subject to, and should be determined under the Act of Congress approved September 7th, 1916, known as the Federal Employes Compensation Act, which motion was duly overruled, and thereafter, on the 9th day of January, 1922, not waiving, but specially reserving all objections to the jurisdiction of the court over the person of the defendant and the subject-matter of the action, filed his answer generally denying each and all the material allegations of plaintiff's petition, and further answering says that if the deceased was injured as alleged, that said injury and death was the direct result of the hazard incident to his employment, and further avers that if injury occurred as alleged it was solely caused by the negligence and carelessness of the deceased, and that his own negligence and carelessness was the proximate cause of his injury and death, and further avers that the said George J. Hagen, deceased, was an employe of the United Statts acting by and through the Director General of Railroads, and comes within the terms of an Act of Congress of September 7th, 1916, applicable to all employes of the United States disabled or killed while so employed, and that the United States Employes Compensation Commission has exclusive jurisdiction of said cause of action, and asks that the plaintiff take nothing by this cause of action. On January 16, 1922, the case was tried to a jury and resulted in a verdict in favor of the plaintiff and her minor children for the total sum of $11,000. Motion for a new trial was duly filed, overruled, and judgment rendered in accordance with the verdict of the jury, from which order and judgment of the court, defendant prays an appeal. Appellant sets forth numerous specifications of error, and in their argument, as presented in brief, discuss first the proposition that the verdict is not supported by the evidence, and, second, that the verdict is contrary to law, and, third, because of errors of law occurring at the trial, of which there is no discussion, other than to say that there was a total failure of proof by the plaintiff, and the demurrer to the evidence should have been sustained, and, fourth, because the court erred in overruling the motion of the defendant in error to quash the service of summons in the case, and, fifth, because of error of the court in overruling the defendant's plea to the jurisdiction of the court; the 6th, 7th, 8th, and 9th specifications of error go to the question of error of the court in refusing certain instructions, and error com-

mitted by reason of the instructions given, and 10th, 11th, 12th, and 13th specifications of error to which our attention is called by the brief, go to the error of the court in receiving the verdict of the jury, denying motion for a new trial, and in permitting the plaintiff in the lower court to file a reply to the answers of the defendant after trial had been concluded and just before the reading of the instructions to the jury.

The appellants in their brief quote much of the evidence offered as to how the accident occurred, and how the injury was received. There is some conflict as to just what occurred, and whether or not the injury was the result of negligence on the part of the employes in charge of the train, and whether or not the deceased contributed to his injury by his own negligence, but these are matters of fact, and were for the determination of the jury under proper instructions, and as we find evidence sufficient to reasonably sustain the verdict of the jury, we take it that further discussion of that matter is not necessary, and that this court will be bound by the verdict of the jury in this particular. Appellant seriously urges that the court erred in overruling the motion of the appellant herein to quash the services of summons, and quotes a section from the Transportation Act of 1920, being section 206 and paragraph b thereof, which is as follows:

"Process may be served upon any agent or officer of the carrier operating such railroad or system of transportation, if such agent or officer is authorized by law to be served with process in proceedings brought against such carrier, and if a contract has been made with such carrier by or through the President for the conduct of litigation arising out of operation during federal control. If no such contract has been made, process may be served upon such agents or officers as may be designated by or through the President. The agent designated by the President under subdivision (a) shall cause to be filed, upon the termination of federal control, in the office of the clerk of each District Court of the United States, a statement naming all carriers with whom he has contracted for the conduct of litigation arising out of operation during federal control, and a like statement designating the agents or officers upon whom process may be served in actions, suits, and proceedings arising in respect to railroads or systems of transportation with the owner of which no such contract has been made; and such statements shall be supplemented from time to time, if additional contracts are made or other agents or officers appointed."

Under this section the government may create one of two methods of procuring service in a suit against the United States on causes of action arising under federal control. First, the President may make a contract with the carrier for the conduct of litigation arising out of operation during federal control, if the President makes such a contract with the carrier, then service would be valid against the carrier, so contracted with, and would constitute good service against the government under the Transportation Act.

Second, if no such contract is made, process may be served upon such agents or officers as may be designated by or through the President. The act further provides that a list of carriers contracted with, and in the absence of contract, the list of service agents designated, is to be filed with the clerk of United States courts. The appellant admits that no contract had been made with the receiver at the time of the institution of this suit, and asserts that the said L. W. Doran, upon whom service was obtained, was not a designated agent for service of process under the Transportation Act; and the appellees assert in their brief, in addition to the fact that no contract had been made which would authorize service upon the agents and employes of the railroad company, and also that no agents had been designated as required by the Act of Congress upon whom service might be had.

Appellants cite in support of their contention the case of Sandoval v. Davis, 288 Fed. 56, Hines v. Dahn, 267 Fed. 105, and other authorities, but from an examination of same, we fail to see the application of the rules announced in the various authorities to the question here involved.

In the Sandoval Case, and likewise in the Hines Case, the claimant who had received injuries while in the employment of the government made settlement or adjustment with the Federal Employes Compensation Commission, and afterwards instituted suit to recover an additional sum. The court very properly held that having elected to settle with the employes compensation commission that same constituted a bar to the prosecution of the suit in the courts. Appellants also cite the case of Erie Ry. v. Caldwell, 264 Fed. 947, and other authorities, which announce the rule that in cases such as we have before us, service must be had in the manner and upon the person provided for by law, and in one case where service was had upon the Director General of the railroad, where agents had been designated upon whom service might be had, as required by law, that the service upon the Director General was bad, and that service must be had upon the agents designated for that purpose un-

der the Transportation Act of February 28, 1920, section 206, paragraph (b). And also cite the case of Whalen Paper & Pulp Mills, Ltd., v. Davis, Director General of Railroads, 288 Fed. 438, which also follows the same rule and requires that service must be had as provided by the federal act, and in that case the record discloses that contracts had been made with the carrier which authorized service on the agents of the railroad company.

The appellee does not attempt to controvert the facts as asserted by the appellant in the matter of service, but contends that no contract had been made. and no agents designated as required by the federal act; that they were left to the alternative of securing service as provided for under our state laws, and that the agent of the company was in fact the agent of the Director General, Davis, who obtained actual notice of the proceedings had, and the institution of this suit, and all of the incidents thereto, by reason of the service on the said Doran, and that if service was bad, appellant waived same by reason of the fact that he filed an answer, defended against the action, objected to and appealed from the judgment of the court: and that there is therefore no reason which will justify the reversal of this case solely upon technical grounds.

Appellee cites the cases of Morgan v. Karcher et al., 81 Okla. 210, 197 Pac. 433, Lindley v. Hill, 58 Okla. 71, 158 Pac. 356, Ziska v. Avey, 36 Okla. 405, 122 Pac. 722, and Pratt v. Pratt, 41 Okla. 577, 139 Pac. 261, in support of her contention that the appearances made by the defendant, appellant herein, were a waiver, and sufficient to bind him in this case, and the appellants cite the cases of Sharp v. Sharp, 65 Okla. 76, 166 Pac. 175, and Jefferson v. Gallagher, 56 Okla. 405, 150 Pac. 1071, as controverting tht rude announced in the cases cited by appellees.

There seems to be some conflict of authorities as to the effect of a general appearance, and especially where made, as it was in this case, under protest, and not waiving all the questions raised by special appearance theretofore made, but in this case, in view of the fact that the provisions of the federal act had not been complied with, and no mode of obtaining service as required under the federal act, being open to the plaintiff, and she having obtained service under the mode provided by our statutes, in our judgment it constitutes valid service upon the appellant, Davis, Director General of Railroads. To hold otherwise would be equivalent to depriving the plaintiff of her right to institute and maintain the suit, and would be leaving her without any remedy, and in

view of the further fact that the service had resulted in actual notice to the defendant, and that he appeared and defended, and has carefully protected his rights at every step, assures us that no disadvantage has been taken, or can be taken of, the Director General by reason of the character of service procured, and we therefore hold that no error was committed by the court in overruling the motion to quash.

The error urged under the 5th proposition argued is that the court was without jurisdiction to try the cause, for the reason that all agents, servants, and employes acting under the Director General of Railroads were officers, and came within the terms of the Federal Compensation Act, and cites the case of Kirchman v. U. S., 263 Fed. 538, in support of this position, but we do not regard the authority cited as being in point. The case of Hines, Director General of Railroads, v. Dahn, cited by appellant, 267 Fed. 105, is against appellant's contention, and especially holds that it is optional with the defendant whether he files his claim for compensation under the compensation act, or sues the Director General for damages.

We think the case of C., R. I. & P. Ry. Co. v. Hyde, 86 Okla. 6, 204 Pac. 125, is more nearly in point, and while not identical with the case at bar, the question of jurisdiction was raised; and the contention of the appellee herein was practically sustained. In that case the railway company made special appearance, and moved to dismiss the action because the injury complained of was received during federal control. And because, under order 18 of the Director General of Railroads, the case should have been filed in the county or district of the plaintiff's residence, the plaintiff being a resident of Canadian county, and the suit being brought in Marshall county. the trial court overruled the motion, and this court sustained the ruling. Other authorities are cited, but we find no merit in appellants' contention as to lack of jurisdiction.

The next proposition urged is error of the court in refusing to give certain requested instructions on the part of appellant.

Requested instruction No. 2 is as follows:

"You are instructed that the burden is upon the plaintiff in this case to prove each material allegation in this petition by a preponderance of the evidence. The negligence relied upon by the plaintiff in this case is the failure to furnish to the deceased a proper appliance with which to work, to wit, proper train coupler, you are instructed that if you find from the evidence that the defendant, acting through its proper agents and employes, gave to the couplers and ap-

pliances used on the cars a proper inspection before starting on the trip, and that such equipment complied with all of the requirements of law, and were safe and in proper working condition, then and in. that event if you find that said equipment or couplers became out of repair in their ordinary use on the trip which fact was unknown to the defendant, or could not by the use of reasonable or ordinary prudence become known, then in that. event the mere sticking of the lift pin in the coupler would not constitute negligence, and your verdict should be for the defendant."

Here the court is requested to instruct the jury, that the negligence relied upon by the plaintiff in this case is the failure to furnish to the deceased a proper appliance with which to work, to wit, a proper train coupler, and that if the coupler was in good repair when sent out, and became out of repair in ordinary use, during the trip on which the deceased was injured, and that the fact that it was out of repair, etc., that defendant would not be guilty of negligence, and they should find for defendant. The plaintiff did not rely on that element or character of negligence alone, nor would the fact that the coupler became out of repair on that particular trip necessarily excuse the defendant from the general charge of negligence.

The third requested instruction is on the question of assumed risk, where no negligence is shown, and we think instruction. No. 8 given by the court is the more correct presentation of the law on that question, and therefore no error was committed. Requested instructions Nos. 4 and 5 are on the question of proving negligence of the deceased. No. 6 goes to the question of the measure of damages, which is referred to by the court in the instructions given in three different instructions and fully covered. From an examination of the court's instructions, 16 in number, we regard them as very complete, covering every phase of the case, and if it were not for the fact that they are very lengthy, we would copy them in the opinion. We therefore find no merit in the contention made as to the instructions.

There are other assignments of error discussed and urged, but we deem the errors complained of, heretofore discussed, are decisive of the rights of the parties to this controversy. And believing the verdict of the jury and judgment of the court to be just and reasonably sustained by the evidence, and finding no reversible error, we recommend that the case be affirmed.

By the Court: It is so ordered.