## OKLAHOMA UNION RY. CO. v. RIGSBY.

No. 15285—Opinion Filed Oct. 6, 1925.

Rehearing Denied Dec. 14, 1926.

(Syllabus.)

1. **Appeal and Error — Review —Questions of Fact—Conclusiveness of Verdict—Negligence in Personal Injury.**

In an action for damages, where there are controverted issues of fact as to whether there was primary negligence proximately causing an injury, or whether it was caused by contributory negligence, and the testimony is conflicting on both issues, the verdict will not be disturbed if reasonably supported by evidence.

2. **Death—Action for Wrongful Death — Widow as Proper Party Plaintiff—Substitution of Administrator.**

Under section 824, C. S. 1921, as amended by Acts of 1925, page 177, and section 825, O. S. 1921, an action for the wrongful death of the husband may be maintained by the widow in her own name for the benefit of herself and children, where no personal representative of the estate has been appointed.

If such action is begun by the widow, and after it is begun an administrator is appointed before the cause comes on for trial, then the administrator may be substituted as plaintiff and the trial proceed to judgment in the name of the administrator. Such substitution does not prejudice the rights of defendant, nor change the nature of the cause of action.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by Genevieve Rigsby against the Oklahoma Union Railway Company. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

J. H. Grant, for plaintiff in error.

Luther James, for defendant in error.

HARRISON, J. This was an action by Genevieve Rigsby, surviving widow, against the Oklahoma Union Railway Company, a street railway company of Tulsa, Okla., for the wrongful death of her husband, O. R. Rigsby.

From a verdict and judgment in favor of plaintiff in the sum of $10,000, the railway company appeals.

Numerous errors are assigned as grounds for reversal, but upon the whole record we should not feel justified in reversing the judgment. No substantial error appears to have been committed in the admission of testimony, and, as there was direct conflict in the testimony of plaintiff's witnesses with the testimony of defendant's witnesses, on all material issues of fact, we do not feel authorized to set aside the finding of the jury, especially in view of the court's charge, which we think very clearly announced the law applicable to the facts.

The conceded facts are that about ten o'clock p. m. of October 3, 1921, deceased, with three men companions in a Dodge Bros. sedan, having just crossed the bridge over the Arkansas river, were driving eastward up Fifth street in the city of Tulsa; at the same time a street car was coming down Fifth street, and deceased, driving up the street astride one of the street car rails, collided with the street car and was killed.

There was testimony that the street car, having turned a sharp curve, came on to and started down Fifth street without sounding any alarm at a speed of 25 to 30 miles an hour when the collision took place. On the other hand, there was testimony in behalf of the railway company to the effect that the street car was not running faster than ten or twelve miles an hour and that the motorman was sounding the gong as he steered the street car down the street.

The jury was judge of the credibility of the respective witnesses who testified to these facts, and, judging from the verdict, gave credence to plaintiff's witnesses and upon their testimony found the railway company guilty of negligence.

The defense of contributory negligence was pleaded by the railway company and testimony introduced to the effect that deceased and his companions had been drinking and were intoxicated, and after having driven off the bridge, instead of turning off of the railway track and taking the driveway along the side of the track, deliberately drove up the track, laughing, talking and singing, and recklessly drove into the down-coming street car, thereby negligently contributing to his own death. On behalf of plaintiff there was rebuttal testi-

mony to the effect that deceased was not drinking, was known to be a man who never drank, and that he had not drunk anything on the night of the accident, and that having driven off the bridge, started up the railway track because the driveway to the side of the track was rough, and that the light of the street car was so glaring that the occupants of the automobile were blinded and could not see the approaching street car nor determine how close they were to it until they were struck; also that upon coming under the glaring light of the street car, deceased attempted to turn off the track, but was struck before he could do so.

The jury being the exclusive judge of the facts and credibility of the witnesses and the defense of contributory negligence being a question of fact, under section 6, art. 23, of the Constitution, which in all cases must be determined by the jury, evidently believing in the truthfulness of plaintiff's witnesses and not believing in the truthfulness of the street car company's witnesses, found the street car company guilty of primary negligence and the deceased not guilty of contributory negligence.

The court fully and clearly charged the jury as to the burden upon plaintiff to prove by a fair preponderance of the evidence that the railway company was guilty of negligence and that such negligence was the proximate cause of her husband's death, and charged them that unless they found the railway company guilty of negligence and that such negligence was the proximate cause of the death of deceased, their verdict should be for the railway company. Also the court clearly defined the terms "negligence" and "contributory negligence," and instructed the jury that if they found from the evidence that deceased was guilty of any negligence contributing toward his death, their verdict should be for the railway company.

And as to all other material facts, we think the instructions are substantially correct.

The jury under these instructions being the exclusive judges of the facts and having found under conflicting testimony that the railway company was guilty of primary negligence, which was the proximate cause of the death of deceased, and that deceased was free of contributory negligence, there being testimony sufficient, if believed, to sustain the verdict, this court is not at liberty to say whether one or the other group of witnesses testified falsely, and to thereupon set aside the finding and verdict of

the jury. Thompson v. Hashberger, 87 Okla. 267, 210 Pac. 922, and numerous other cases cited in all digests of Oklahoma decisions under the subject "Appeal and Error."

There is one other question, however, which is argued at some length in plaintiff in error's brief, and replied to by defendant in error, to wit: That Genevieve Rigsby had been appointed administrator of the estate of deceased before the trial hereof, and that under sections 824 and 825 of the Statutes she could not maintain this action in her own name and could not recover except in the name of such administrator. However, there is nothing conclusive on this point in the record.

On direct examination plaintiff was asked:

"Q. Mrs. Rigsby, you brought this lawsuit for yourself and child? A. Yes, sir. Q. There was no personal representative or administrator or executive appointed to bring this suit? A. No, sir; there was not. Q. None in existence? A. No sir."

On cross-examination she was asked:

"Q. There has never been any administrator appointed for it? A. Well, I have, here right recently. Q. You are administrator of the estate? A. I am now. Q. You are administrator of his estate? A. Yes, sir. Q. When were you appointed? A. I believe it was in January, this last January; I am not sure, but I think that was when it was."

This is all which the record contains on this subject. At the close of plaintiff's testimony in chief, the attorney for defendant asked that the jury be excused in order that he might present a legal proposition to the court. The jury was excused, and the attorney presented a demurrer to the evidence. His argument in support of the demurrer is set out in the record, but no mention nor suggestion of the fact of there being an administrator was made to the court. The argument was confined to the contention that no primary negligence had been shown, that contributory negligence had been shown, and some discussion of the doctrine of last clear chance, but no reference nor suggestion ever made to the court, so far as we have been able to find anywhere in the record, that there was in fact an administrator. If there was one, then the record of the administration proceedings was the best evidence and had it been introduced would have settled all controversy, but, from what appears in this record, we cannot say whether or not there was an administrator. If in fact there was one, it

should have been suggested to the trial court and opportunity given to substitute the administrator in the place of the surviving widow. She alleged in her petition that none had been appointed at the time the suit was instituted. This being true, then, under section 824, as amended in Acts 1925, p. 177, and section 825, C. S. 1921, she had a right of action at the time the suit was instituted. The fact that the administrator was appointed after suit was begun but before trial was had, would not retroact to the extent of depriving her of her right of action at the time she brought the suit. If an administrator had been appointed subsequent to the filing of the suit and service of summons upon defendant, and such administrator had been substituted as party plaintiff, such substitution could not have prejudiced the rights of defendant railway company. It could have had no legal effect upon the question of liability nor upon the evidence as to liability; its only effect would have been to determine to whom defendant was liable. The question whether defendant was liable, for what acts it was liable, and for what amount it was liable would have been established by the same testimony whether submitted by the widow in her right or by the administratrix in her right. Hence none of the authorities cited by plaintiff in error, viz., Frederick Cotton Oil Co. v. Clay, 50 Okla. 123, 150 Pac. 451, citing City of Eureka v. Merrifield (Kan.) 37 Pac. 115; Walker v. O'Connell (Kan.) 52 Pac. 894; Atchison Water Co. v. Price (Kan.) 59 Pac. 677; Bastine v. A., T. & S F. Ry. Co. (Kan.) 80 Pac. 1133; Sanders v. C., R. I. & P. Ry. Co., 66 Okla. 313, 169 Pac. 891, which cites other Oklahoma and Kansas decisions, present a condition similar to the one presented here, and are therefore not decisive of the question here involved.

Had there been an administrator appointed before this suit was begun, then it would have been essential that the suit be instituted by the administrator; the right of action being a statutory right is jurisdictional, as was held by the authorities above; but the same statute which confers this right upon an administrator, if one has been appointed, confers the right upon the widow if none has been appointed and where none has been appointed, then it is essential that the petition show such fact, and that the evidence show such fact, as held in above cases cited by plaintiff in error. But the petition in the case at bar alleges that none had been appointed at the time the suit was instituted, and the record of testimony shows that none had been appointed at the time the suit was begun. Under such circumstances the widow had the same right of action that the administrator would have had, had one been appointed. The widow, having a clear statutory right of action at the time suit was instituted, had a right to prosecute her action to judgment, and if, in the meantime, subsequent to her bringing the suit, an administrator was appointed, then for defendant's protection against other suits, it was its right to have the administrator substituted as party plaintiff and such substitution would not have constituted a change in the nature of the cause of action, as is alleged by plaintiff in error in its reply brief. The nature of the cause of action would not have been affected by the substitution of the administrator as party plaintiff.

Under the record in this case, the judgment should be modified, and the trial court directed by mandate to permit the substitution of the administrator as party plaintiff instead of the widow as party plaintiff, and to cause the judgment to run in favor of the administrator instead of in favor of the widow. With this modification, the judgment is affirmed.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, CLARK, and RILEY, JJ., concur; HUNT, J., having tried the case below, not participating; BRANSON, J., not sitting.

Note.—See under (1) 4 C. J. p. 858, §2836; 29 Cyc. p. 659; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. p. 79. (2) 17 C. J. p. 1269; §119; 8 R. C. L. p. 759; 4 R. C. L. Supp. p. 572.