## COLUMBIA WEIGHING MACH. CO. v. BONDURANT.

No. 19054. Opinion Filed March 12, 1929.

Rehearing Denied May 28, 1929.

Walter & Hilprit, for plaintiff in error.

Wright & Gill, for defendant in error.

CLARK, J. This cause was tried in the district court of Oklahoma county. Plaintiff in error was plaintiff below; defendant in error was defendant below. The record discloses that the case was first filed in justice court.

Plaintiff recovered a judgment in the district court. A motion for new trial was filed, which was by the court sustained on the sole and only ground that said verdict and judgment was in violation of the court's instruction No. 6.

From the order and judgment of the district court granting a new trial, plaintiff appeals, and alleges as error the granting of the new. trial.

This action was upon a contract in writing, signed by the defendant, which was as follows:

"Order No.
"Price $150.00.
"Freight Paid.
"Date June 6th 1925
"$10.00 Payable Monthly
"$15.00 Monthly
"Columbia Weighing Machine Co., Inc.,
"9 W. Sixty First Street, New York, USA.

"You may ship us one Columbia Mirror weighing Machine, freight paid. It is sold to us with the understanding that we may return it to you at any time within 30 days from date of arrival of the machine, instead of paying the purchase price. Return shipment to be made to the above address, by freight only, freight charges collect. Should we not ship it back to you within 30 days of its arrival, we will pay you the purchase price thereof, namely, $150, as follows: $15 dollars per month until paid; first payment to be made within 40 60 days from date of arrival of the machine $20.00.

"Should we be two monthly payments in arrears at any time, the entire unpaid balance of the purchase price shall then become due, together with attorney's fees amounting to 20 per cent. of the sum in default, if collection is made by law. It is understood that you are to supply us with any mechanical parts required for the machine for a period of five years, without charge. Whenever we want a, part, we are to inform you by registered mail.

"Six per cent. may be deducted if the entire purchase price is paid within 40 days from date of arrival. No verbal agreements will be recognized. All orders are subject to the acceptance of the company.

"(Signed) High School Pharmacy,
"D. B. Bondurant, Owner.

"Address, D. B. Bondurant,

"Town and State, Oklahoma City, Okla."

The plaintiff's evidence disclosed that after said contract was executed by the defendant, the weighing machine was shipped and delivered to defendant, and at the time of trial was still in possession of the defendant. The contract provided that the defendant "could return the machine at any time within 30 days from date of arrival of the machine instead of paying the purchase price, return shipment to be made to the above address by freight only, freight charges collect."

The defendant contends that the machine was useless and of no value, and that the reason he did not return it was that he did not know the address of the plaintiff.

This question was submitted to the jury on instruction No. 5, which reads as follows, in part:

"* * * That if * * * defendant had no notice as to the point or place of address to which said machine should be returned, then you are instructed that defendant is excused under the law from returning said machine to the plaintiff and your verdict should be for the defendant."

On this issue the jury found against the defendant in favor of the plaintiff by their general verdict for plaintiff. Section 572, C. O. S. 1921, provides nine grounds for new trial. The court, in granting a new trial in this case, specifically found that said new trial was granted upon the sole and only ground that the jury disregarded instruction No. 6 of the court's instructions to the jury. Instruction No. 6 is as follows:

"You are further instructed that it was the duty of the plaintiff under the terms of said contract to pay all the expenses necessary to be incurred in returning said machine to plaintiff in the event same should be returned, and you are instructed that if you find from the evidence that it was necessary to incur certain expenses in order to return said machine to plaintiff and that these expenses had not been provided for by plaintiff, you are instructed that it was no duty of the defendant to provide said expenses and defendant would be excused from returning said machine and your verdict should be for the defendant."

This court has held in a number of cases that it will not reverse an order granting new trial except for a clear showing of error in respect to some pure, simple, and unmixed question of law. A careful reading of the record, testimony of the witnesses, and the contract sued on herein, convinces us that instruction No. 6 had no application to the case on trial. The giving of said instruction was a question of law, pure and simple; there was nothing in the contract that it was the duty of the plaintiff to furnish any expense in order to return said machine to plaintiff. Contract specifically provided:

"It is sold to us with the understanding that we may return it to you at any time within 30 days from date of arrival of the machine instead of paying the purchase price. Return shipment to be made to the above address by freight only, freight charges collect."

It was the duty of the defendant, if he was not satisfied with the machine, to return it to plaintiff, freight charges collect. This contract is plain, unambiguous, and reasonable.

Instruction No. 6 placed a burden on the plaintiff and a requirement which was not contained in the contract sued on, nor in the evidence before the jury. If the court was of the opinion that plaintiff should not recover, he should have instructed a verdict for defendant or sustained the demurrer of defendant to plaintiff's evidence. Instruction No. 6 having no application to the case at bar, it was error for the trial court to grant a new trial "because the verdict of the jury was contrary" to said instruction. It is true there was no testimony that the plaintiff furnished any expenses for the return of said weighing machine; there was no contract to furnish any. There was no testimony indicating that it was plaintiff's duty to furnish necessary expenses for the return of said machine. We are therefore of the opinion that the trial court erred on a pure and unmixed question of law when new trial was granted on the sole and only ground that said verdict and judgment was in violation of the court's instruction No. 6. Cause is therefore reversed and remanded, with directions to the trial court to set aside its order granting a new trial and enter judgment on the verdict.

LESTER, V. C. J., and HUNT, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

MASON, C. J., and RILEY, J., absent.

On Rehearing.

ANDREWS, J. There are a number of matters presented in the petition for rehearing in this case that are not covered by the opinion.

Attention is called therein to the case of Whitaker v. Columbia Weighing Machine Co., 131 Okla. 194, 268 Pac. 255, as holding that an implied warranty survives the 30-day inspection period. That case was decided June 12, 1928, after the filing of the briefs in this case, and was not called to the attention of the court. In view of the fact that one of the parties to that action is the same as one of the parties in this suit, and the contract involved in the two actions is almost identical, we think it advisable to state that there is no conflict in the rule announced in the two cases.

In the Whitaker Case this court held that an answer alleging that a machine was not suitable to perform the work for which it was made stated a defense, and the cause was reversed, with directions to reinstate the answer setting up that defense, which answer had been stricken from the case by order of the trial court. In the case at bar the answer raised that defense and was not stricken, and the trial court permitted the introduction of testimony in support of that answer to show that the weighing machine would not properly weigh and that it was worth only $2 for junk. There is nothing in this opinion that in any way conflicts with the opinion in the Whitaker Case.

In the petition for rehearing it is announced that the court did not instruct the jury on this issue. The record before this court shows that the defendant in error did not object to any of the instructions given, and the instructions requested by the defendant in error are not included in the record on appeal. For that reason, the court is unable to determine whether or not there was error in the instructions.

The rule is well established that, where the instructions of the court do not cover all of the phases of the case, counsel is bound to call the court's attention to the omission by an appropriate request for additional instructions, or be precluded from making such failure available as reversible error, which well-established rule has been properly followed in the following cases: Heindselman v. Harper, 91 Okla. 50, 215 Pac. 771; Garr v. Minnick, 100 Okla. 109, 228 Pac. 481; Citizens Bank v. Singer, 109 Okla. 27, 234 Pac. 708.

Petition for rehearing is denied.

LESTER, V. C. J., HUNT, CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur.

MASON, C. J., and RILEY, J., absent.

Note.—See under (1) 2 R. C. L. p. 191, 192; 1 R. C. R. Supp. p. 432; 6 R. C. L. Supp. p. 73. See "Appeal and Error," 4 C. J. §2813, p. 830, n. 45. "New Trial," 46 C. J. §135. p. 169. n. 33. "Trial," 38 Cyc. p. 1693, n. 55.