## ROBERTS et al. v. FRANKLIN.

No. 20822. Opinion Filed April 19, 1932.

Ralls & Ralls (by J. G. Ralls), for plaintiffs in error.

Paul N. Buford, for defendant in error.

CULLISON, J. Plaintiff instituted suit in the district court seeking to recover a certain amount of money from his former guardian and bondsman of said former guardian. The parties will be referred to as they appear in the trial court.

The case was tried to a jury, and, at the conclusion of plaintiff's testimony, the court directed the jury to return a verdict for defendants. Plaintiff filed his motion for a new trial, and upon hearing said motion the court granted plaintiff a new trial, from which order granting said new trial the defendants appeal to this court.

The matter of granting a new trial by the trial judge is a matter largely in the discretion of the trial court. The trial court is very familiar with the facts and circumstances in said cause, and is more competent to pass upon said matter unless

the same develops to be purely a question of law.

This court announced the rule in the case of Columbia Weighing Machine Co. v. Bondurant, 137 Okla. 27, 277 P. 665:

"Order granting a new trial will not be reversed unless the record shows ruling would not have been made except for manifest and material error in respect to some pure, simple, and unmixed question of law."

In the case of Avery, Adm'x, v. Goodrich, 138 Okla. 123, 280 P. 586, this court held:

"The judge who presides at the trial of a case, hears the testimony of the witnesses, observes their demeanor, and has a full knowledge of the proceedings had and done during the process of the trial, is in a better position to know whether or not substantial justice has been done than any other person. Where such judge sustains a motion for a new trial, it will require a clear showing of manifest error and an abuse of discretion before the appellate court will be justified in reversing such ruling of the trial court."

Under the above holdings of this court, unless there is a showing of manifest error and an abuse of discretion on the part of the trial court, this court will not be justified in reversing said trial court in granting a new trial.

After considering the record in said cause and the decisions of this court upon the question of law herein considered, we do not believe that the same shows sufficient grounds to justify this court in reversing the decision of the lower court granting plaintiff a new trial. Judgment of the lower court affirmed.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., not participating. McNEILL, J., absent.