## ALEXANDER v. BEAVER.

No. 25401.   Oct. 8, 1935.

Mac Q. Williamson, for plaintiff in error.

G. G. McBride, A. L. Jeffrey, and C. W. Schwoerke, for defendant in error.

PER CURIAM. The parties herein will be referred to as they appeared in the trial court.

This cause was commenced in the court of a justice of the peace by the plaintiff filing his bill of particulars alleging damages on account of the negligent driving and handling of an automobile by the defendant, whereby the plaintiff sustained damages to his automobile. Defendant replied by a verified general denial, also cross-petition alleging damages suffered on account of the wrongful attachment of defendant's automobile. Trial was had in said justice court and a verdict in favor of plaintiff was returned. Thereupon an appeal was taken to the district court by the defendant. The case was tried to a jury in the district court and a verdict was returned in favor of the plaintiff. No judgment was entered upon this verdict, but a motion for a new trial was filed and presented to the trial court and sustained, and an order was made vacating and setting aside the verdict of the jury and granting a new trial. The case is in this court on appeal from that order.

The contentions of plaintiff in error as alleged in his petition in error are as follows:

(1) The trial court erred in granting the motion of the defendant in error for a new trial of the issues herein.

(2) The trial court erred in not rendering judgment upon the jury verdict, duly, regularly, and unanimously rendered in favor of the plaintiff in error at the conclusion of the trial below.

At the close of all of the testimony in the case the defendant interposed a demurrer to the plaintiff's evidence, which demurrer was overruled by the court and an exception allowed. Thereupon the defendant moved for an instructed verdict, which was also overruled and exception allowed.

Neither party makes any complaint to the instructions of the trial court, and the instructions seem to fully and correctly state the law relating to negligence and contributory negligence, which were the issues to be determined by the jury in this case.

It is admitted that in the granting or overruling of a motion for a new trial, the trial court has a broad discretion, and that such orders will not be interfered with on appeal unless it clearly appears that the trial court has abused its discretion. However, where it clearly appears that the court was misled on some clear, pure, and unmixed question of law, and that his ruling thereon was erroneous, the same will be reversed on appeal. Thompson v. Martin, 138 Okla. 138, 280 P. 589; Columbia Weighing Mach. Co. v. Bondurant, 137 Okla. 27, 277 P. 665.

The testimony of the plaintiff as well as that of the defendant shows clearly that there was evidence of primary negligence on the part of the defendant. This testimony is that just prior to the accident the defendant was driving his car north on a paved highway. Another car traveling in the same direction side-swiped the plaintiff's car, causing him to swerve over to the east shoulder of the highway and then across the highway to the west shoulder and then back onto the highway where he collided with the defendant's car, which was traveling south. As to whether he had his car under control just prior to the accident, the defendant testified, in part, as follows:

"Q. When it started across the pavement, and when you were over here (indicating) you were working the wheel, trying to control your car, weren't you? A. No, not till it started back; I had it in control. Q. When did you have it in control? A. When it was off along here. Q. When it was along here: tell the jury, then, if you had your car in control, why you didn't—going up this dirt road, why you didn't hold it on the east side of the slab and permit this man to pass you? A. I tell you it was—I don't know."

This evidence of negligence on the part of the defendant, together with that of contributory negligence of the plaintiff, was submitted to the jury under proper instructions and resulted in a finding in favor of the plaintiff.

Article 23, section 6, of the Constitution of Oklahoma is as follows:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

Under this provision of our state Constitution, when there is evidence of primary negligence on the part of the defendant, it would be a violation thereof for the trial court to grant a new trial solely because of the plaintiff's negligence after the jury had determined that question. The trial judge had no authority to set aside the verdict of the jury, because he later concluded that the accident was caused by the contributory negligence of the plaintiff. The motion for a

new trial was sustained "for the sole reason of the showing by the plaintiff's own evidence as to how he handled his car when approaching the Beavers car." By this order the trial judge, in setting aside the verdict of the jury, violated the above provision of our state Constitution, making the verdict of the jury conclusive on the question of contributory negligence. Davis, Director General of Railroads, v. Hagen, 106 Okla. 167, 233 P. 671; St. Louis-San Francisco Ry. Co. v. Rundell, 108 Okla. 132, 235 P. 491.

At the close of all the evidence, and after both parties had rested, the defendant interposed a demurrer to plaintiff's evidence. This demurrer was overruled and the defendant then moved for an instructed verdict, which motion was denied. By overruling this demurrer and denying the motion, the trial court evidently concluded that there was sufficient evidence of negligence on the part of the defendant to permit the case to go to the jury; otherwise, he would have sustained said demurrer or instructed said verdict for the defendant. Columbia Weighing Machine Co. v. Bondurant, 137 Okla. 27, 277 P. 665.

The principle is well established that where there are controverted issues of fact as to whether there was primary negligence proximately causing an injury, or whether it was caused by contributory negligence, and the testimony is conflicting on both issues, the verdict will not be disturbed if reasonably supported by the evidence. Where, as in this case, the evidence is conflicting, this court will not review the evidence to ascertain where the weight of the evidence lies; but if there is evidence reasonably tending to support the verdict it will not be set aside. Oklahoma Union Ry. Co. v. Rigsby, 122 Okla. 113, 250 P. 1001; St. Louis-San Francisco Ry. Co. v. Rundell, 108 Okla. 132, 235 P. 491.

Since the order of the trial court in granting the motion for a new trial was based upon the specific finding of contributory negligence on the part of the plaintiff, which finding that court had no power to make because of the provision of the state Constitution, the same is erroneous and the judgment is, therefore, reversed and the cause remanded, with instructions to the district court to enter judgment upon the verdict of the jury in favor of the plaintiff.

The Supreme Court acknowledges the aid of Attorneys G. R. Horner and E. F. Maley in the preparation of this opinion. These attorneys constituted two members of an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Horner and approved by Mr. Maley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.