## MIDLAND VALLEY RAILROAD CO. v. ABBOTT.

No. 28281. Jan. 17, 1939.

Rehearing Denied April 11, 1939.

O. E. Swan, for plaintiff in error.

John W. Tillman and Fred A. Tillman, for defendant in error.

CORN, J. This is an appeal from a judgment rendered in the district court of Osage county, in an action brought by the defendant in error, as plaintiff below, to recover damages alleged to have been sustained by reason of a fire negligently set out on her pasture land August 4, 1936, by one of the plaintiff in error's locomotives. For convenience we shall refer to the parties as they appeared in the trial court.

Plaintiff's petition sought recovery for loss of the grass crops for the years of 1936 to 1940, inclusive, and for deterioration of the land for the same period, in the total amount of $1,757.25. An amended petition, on which the case was tried, was filed, seeking recovery only for the grass for the years specified, in the amount of $622.75.

Defendant's demurrer to the evidence was overruled. Defendant then moved the trial court to withdraw from consideration of the jury any evidence tending to prove damages for any period after 1936, also to withdraw from consideration of the jury any evidence concerning any period after April 15, 1937, after the year 1937 and after the period of 1938. The motion was overruled, except as to any period after 1938, and was sustained as to this period. Defendant again moved

the trial court to withdraw all evidence concerning any damage after 1936, for any period after April 15, 1937, and for the period after 1938, but this motion was overruled.

The case was thereafter submitted to the jury as to the years 1936, 1937, and 1938, and they returned a verdict for plaintiff for $304.75. Motions for new trial were overruled, and defendant has appealed. The eight assignments of error are presented under the proposition that the trial court erred in overruling the demurrer to the evidence, in refusing to instruct the jury to return a verdict for the defendant, and in overruling the motion to withdraw from the jury certain evidence as to the damage sustained.

The argument upon which defendant's claim for reversal is based is that, inasmuch as the grass land burned was occupied by plaintiff's husband under a lease from the plaintiff, the damage to the grass, if any, occurred while plaintiff's husband had possession of the land, and the right of action, therefore, was solely in him and not in the plaintiff.

The testimony regarding the damages sustained by reason of the fire was conflicting. For the plaintiff the testimony tended to show that a fire would affect the grass for three or four years, and that this damage would amount to approximately $1 per acre for the first year, from 50 to 75 cents an acre for the second year, and from 35 to 50 cents an acre for the third year.

For the defendant there was testimony that the grass was not damaged to any appreciable extent and that it was coming back sufficiently to justify the jury in finding there was no damage for the succeeding years as contended by the plaintiff. However, the jury was taken to view the premises in order to ascertain the true condition of the grass crop and, having seen the premises, found for the plaintiff.

Conceding that the defendant properly raised the issues as to plaintiff's being unable to recover for the pasture for 1936, by reason of having leased the land and so having no right of action therefor, we are of the opinion this is insufficient to justify a reversal of this judgment.

The evidence was sufficient to justify the jury in finding the plaintiff did suffer damages for the ensuing years of 1937 and 1938, and there was no issue raised as to the lack of any right on the part of the plaintiff to recover for the losses occasioned by reason of the damage to the grass during the growing seasons of 1937 and 1938.

The undisputed evidence showed an area of 225 acres burned over by the fire. Based on the amount of damage per acre as revealed by the testimony, and including recovery for loss of the fence destroyed by the fire, the amount of the verdict clearly indicates the jury considered the loss only for the years 1937 and 1938, and did not consider the loss for the period during which plaintiff had the land under lease.

The jury heard all the testimony, and then viewed the premises. We are of the opinion the evidence, although conflicting, was entirely sufficient to sustain the judgment for the entire amount of the verdict returned by the jury, on the theory that all of the damage to the plaintiff for which she recovered occurred to her from and after the date of the lease to A. M. Abbott.

Although the evidence was conflicting, both as to the origin of the fire and the extent of the loss occasioned thereby, this court has held innumerable times that the jury are the triers of the facts, and where there is conflicting evidence, and the jury determines the preponderance thereof under proper instructions, this court will not weigh such evidence to determine the preponderance thereof, and substitute its judgment for that of the jury. See Johnson Oil Refg. Co. v. Wilcoxson, 173 Okla. 514, 49 P.2d 108; Alexander v. Beaver, 174 Okla. 123, 50 P.2d 392; I. T. I. O. Co. v. Carter, 177 Okla. 1, 57 P.2d 864; Colpitt v. Smith, 180 Okla. 627, 71 P.2d 711, and Hyde Const. Co. v. Stphenson, 181 Okla. 8, 72 P.2d 354.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, GIBSON, and HURST, JJ., concur. DAVISON and DANNER, JJ., absent.