**Mildred O. EVERY, Plaintiff in Error,**

v.

**John D. EVERY, Defendant in Error.**

No. 36663.

Supreme Court of Oklahoma.

Jan. 10, 1956.

Rehearing Denied Feb. 21, 1956.

Brown, Brown & Brown, McAlester, for plaintiff in error.

Hill & Godfrey, Oklahoma City, for defendant in error.

PER CURIAM.

This action presents error from the District Court of Pittsburg County. John D. Every, defendant in error, plaintiff below, filed petition in that court praying a divorce from his wife, Mildred O. Every, plaintiff in error, defendant below, on the grounds of incompatibility. The parties will be referred to as they appeared in the trial court.

The parties were married in 1946, both plaintiff and defendant having been married before. The defendant has two children by her prior marriage, a daughter twelve years of age and a son seventeen. They seemed to have had more or less domestic unhappiness for some years past, most of which has occurred over the children of defendant and through financial difficulties.

On February 23, 1954, plaintiff filed petition and on that same day an ex parte restraining order against the defendant was issued. On February 24, 1954, defendant

filed a response to plaintiff's application for the restraining order and in said response made application for temporary alimony, suit money, and custody and control of their automobile, which was allowed and an order made thereon after hearing had on March 1, 1954. On April 22, 1954, defendant filed application for contempt citation for plaintiff's failure to comply with the court's order and hearing was had thereon on April 24, 1954, at which plaintiff appeared and promised to bring court's order to date. On May 14, 1954, a reconciliation was effected between the parties at the instance of the plaintiff, and their former marital relations were resumed. The petition however, was not dismissed and remained pending and undisposed of.

On the evening of May 16, 1954, trouble was again had between the parties and plaintiff left their home. Afterwards, on May 27, 1954, defendant filed an answer and cross-petition, where she admitted the allegations of plaintiff's petition insofar as incompatibility existed, but alleged that such was brought about by fault of plaintiff and through no fault of her own; that if she had been at fault the same had been condoned by plaintiff by resumption of their marital status. In her cross-petition she alleged extreme cruelty on the part of plaintiff and therein set forth that the reconciliation effected as between her and the plaintiff was brought about by fraudulent promises of plaintiff; praying that she be awarded a decree of divorce from plaintiff, and that the property owned by them be awarded to her. A large amount of testimony was taken, most of which related to property of the parties. At the close of the testimony upon request of both plaintiff and defendant findings of fact and conclusions of law were made by the court, upon which judgment was rendered awarding the household goods, automobile, and farm as encumbered, to defendant, and awarding plaintiff his accumulated retirement rights from civil service employment. After the court announced said findings of fact and conclusions of law, plaintiff made oral motion to dismiss for the reason that said court did not have jurisdiction of the matter in view of the parties having resumed their marital status, contending that the attempted reconciliation of the parties was in effect a dismissal of the petition of plaintiff and, therefore, a bar to the granting of the divorce. The record reveals that this motion was not acted upon by the court until and after judgment was filed and motion for new trial sustained.

On June 14, 1954, judgment was entered awarding defendant a divorce and making distribution of the property as above set forth. On June 15, 1954, plaintiff filed a motion for new trial and hearing was had thereon on August 16, 1954, at which the court sustained the motion and further acted upon plaintiff's motion to dismiss which was offered at the close of the court's statement of findings of fact and conclusions of law, and dismissed both the petition of plaintiff and answer and cross-petition of defendant. The court's written order was signed and filed on August 18, 1954. Thereafter, on August 19, 1954, the court entered its order, (signed and filed on August 26, 1954), striking from the files his written order signed on August 18, 1954, and separate orders sustaining the motion for new trial and dismissing said cause were filed on August 26, 1954. A number of questions are raised, however, they will not be considered in detail.

The main question raised by this appeal, is whether, as a matter of law, the resumption of the marital status between the parties hereto for a period of two days after the petition was filed and before the filing of defendant's answer and cross-petition operated to divest the trial court of jurisdiction.

Condonation in the law of divorce is the forgiveness of an antecedent matrimonial offense on condition that it shall not be repeated, and that the offender shall thereafter treat the forgiving party with conjugal kindness. 27 C.J.S., Divorce, § 59, p. 608; and as this court said in McDaniels v. McDaniels, 152 Okl. 258, 4 P.2d 112, 114: "Condonation is an affirmative defense, and, like other affirmative defenses, must be specially pleaded or insisted upon in the answer as a defense." And as set out in Sec. 199, 17 Am.Jur. pp. 250-251:

"Condonation during the pendency of a suit has been held not to divest the court of jurisdiction to entertain countercharges subsequently set up by cross bill, or to award suit money, or counsel fees. This is on the ground that reconciliation of the parties is not the legal equivalent of· a dismissal of the action." See Payne v. Payne, 157 Or. 428, 72 P.2d 536, where it was held: "The conditional resumption of marital relations between parties to wife's divorce suit on husband's promise of future good conduct did not defeat court's jurisdiction to hear and determine suit, which was not dismissed, where such promise was not kept." In that case, as in the case at bar, petition was filed, a reconciliation effected, its terms violated, and additional pleadings filed without a dismissal being effected. ·

 It is therefore clear that the reconciliation did not operate to divest the trial court of jurisdiction. Defendant afterwards came in and filed her cross-petition, made charges of extreme cruelty, and in addition thereto to a reoccurrence of the very acts of conduct on the part of plaintiff causing incompatibility which she had theretofore forgiven by the attempted reconciliation. Condonation is but a conditional forgiveness and a repetition revives the offense.

 The record discloses from various statements of the trial judge made throughout the course of the trial that he was possessed of some misapprehension as to the law governing this case and as to his jurisdiction in the matter. Notwithstanding, he proceeded to the trial of the issues drawn and from the evidence adduced entered his judgment awarding defendant a divorce and certain property of the parties. Undoubtedly, it was his opinion that the plaintiff had breached the condition of the reconciliation, and therefore having breached same, such breach operated to nullify the condonation. It therefore follows that having jurisdiction of the matter, the trial court's judgment was not void and should not have been vacated upon the sole erroneous conclusion of the trial court that he had not jurisdiction of the matter. As was said in the case of Shreve v. Cornell, 182 Okl. 193, 77 P.2d 1, 2: "It is the duty of the trial court upon request of a litigant to state its reasons for sustaining a motion for new trial, and on appeal from an order granting a new trial this court will confine its review to the reasons so assigned by the court."

 In the case at bar the trial court stated its reasons for granting a new trial, for vacating its judgment and dismissing said cause. The reasons stated are clearly erroneous as a matter of law. In such case there is no element·of discretion involved and the action of the trial court is to be reviewed solely as a matter of law. The court having erred on a pure and unmixed question of law in granting the new trial, vacating the judgment and dismissing said cause, it becomes the duty of this court to reverse the orders. See City of Holdenville v. Deer, 191 Okl. 691, 132 P.2d 928·; Russell v. Margo, 180 Okl. 24, 67 P.2d 22; Alexander v. Beaver, 174 Okl. 123, 50 P.2d 392; Thompson v. Martin, 138 Okl. 138, 280 P. 589.

The order granting a new trial, the orders dismissing said cause and vacating the judgment, are each reversed and the cause remanded with directions to proceed in accordance with the views herein set forth. ·

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Reed and approved by Commissioners Nease and Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY and JACKSON, JJ., concur.

WELCH and BLACKBIRD, JJ., dissent.