THE ROCKFORD INSURANCE COMPANY v. THE FARMERS' STATE BANK.

1. REVIEW—*Harmless Errors.* Immaterial errors, which do not and cannot prejudice the rights of a party complaining, are not sufficient grounds for the reversal of the judgment of a trial court.

2. INSURANCE — *Title to Property — Insufficient Defense.* An insurance company cannot insist, as a defense of an action on a policy issued upon a small frame store building insured for $50, and the contents thereof insured for $800, after it has accepted the risk and the pre-

mium therefor, that the interest of the insured in the land upon which the store building was located was other than the title in fee, if, at the time of the issuance of the policy by its general agent, he "supposed" or knew that the insured was not the owner of the land upon which the store building was located, if the insured made no misrepresentations, false statements or concealments concerning the land or the title thereof.

3. DEPOSITION—*Exception, When Required, When not.* No exception, other than for incompetency or irrelevancy, shall be regarded to a deposition read upon the trial, unless made in writing, and filed with the papers in the cause before the commencement of the trial. (Civil Code, §§ 363, 364.)

### *Error from Osborne District Court.*

ACTION to recover on a fire-insurance policy. Judgment for the plaintiff *Bank*, on May 18, 1889. The defendant. *Insurance Company* brings the case to this court. The opinion states the facts.

*Waters & Waters*, for plaintiff in error:

On the trial, the defendant objected to the introduction of the deposition of A. E. Kenworthy, which objection was overruled, and the defendant saved an exception.

By the acceptance of the policy, the insured declared he had the entire title, and is bound by its terms, and the court was wrong when it permitted the agent to answer to his belief, and especially the question of title was not in his mind at the time of writing the policy. A failure to disclose the real state of the title, if it is not entire, will be fatal, although the insured was not questioned as to that fact. *Lasher v. Insurance Co.*, 86 N. Y. 423; *Walter v. Assurance Co.*, 2 McCr. 637–641; *Ruthmuller v. Assurance Co.*, 20 Mo. App. 246; *Southwick v. Insurance Co.*, 133 Mass. 457; *Mers v. Insurance Co.*, 68 Mo. 127; *Kibbe v. Insurance Co.*, 11 Gray, 163.

If the building is on leased ground it must be so expressed, and a violation is fatal, although no question was asked in respect to the matter. *Ross v. Insurance Co.*, 19 N. B. R. 126; *Davis v. Insurance Co.*, 67 Iowa, 494.

*W. W. & W. F. Guthrie,* and *J. K. Mitchell,* for defendant in error:

Before the reading of said deposition, thedefendant objected orally, and not in writing, etc., as § 363 of the civil code requires.

This court has held, in numerous cases, from *Insurance Co. v. McLanathan,* in 11 Kas., down, that if the assured applying for the policy states the true condition of the title to the insurer's agent, and the agent embodies in the application or in the policy a statement other than that furnished by the assured, or informs the assured "that it makes no difference," and thereon altogether omits to state a fact provided by the policy to be stated, that thereby the insurer waives this provision of the policy intended solely for the insurer's benefit, and cannot thereafter take advantage of it. *Insurance Co. v. McLanathan,* 11 Kas. 533; *Insurance Co. v. Pearce,* 39 id. 396; *Insurance Co. v. Barnes,* 41 id. 161; *Insurance Co. v. Gray,* 44 id. 731; *Insurance Co. v. Weeks,* 45 id. 751.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are as follows: Robert Kenworthy and A. E. Kenworthy, partners as Robert Kenworthy & Co., on the 9th of September, 1887, were the owners of a small, one-story, frame, store building, located on the northeast corner of the northeast quarter of the northwest quarter of section 34, township 7, range 15, together with a stock of general merchandise kept by them in the store. The land was owned by A. W. Bailes. He gave Kenworthy & Co. permission or license to occupy the corner with the store building. On the 9th of September, 1887, the Rockford Insurance Company, of Rockford, Ill., issued to Kenworthy & Co. its policy of insurance upon the store building, furniture, and the stock of merchandise therein, divided as follows: $50 on the store building, $25 on the furniture, and $775 on the stock of merchandise, aggregating in all $850. On the 11th of October, 1887, while

the policy of insurance was in full force, the store, furniture and merchandise were destroyed by fire. On the 15th of October, 1887, Kenworthy & Co., being indebted to the Farmers' State Bank for $805.62, with interest, transferred and assigned the insurance policy, together with all their title and interest therein. On the 20th of March, 1888, the Farmers' State Bank and Robert Kenworthy & Co. brought their action against the Rockford Insurance Company upon the policy of insurance, to recover $850, with interest thereon from the 12th of March, 1888. The joining of Kenworthy & Co. with the bank as plaintiffs was upon the theory that the amount of the indebtedness of Kenworthy & Co. to the bank was less than the amount due upon the policy, and therefore that both parties were interested in the action. The policy had among its provisions the following:

"If the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property, for the use and benefit of the assured, or if the building insured stands on leased ground, or if there be a mortgage or other incumbrance on any of the property insured, it must be so represented to the company, and so expressed in the written portion of this policy; otherwise the policy shall be void."

Upon the trial, the Farmers' State Bank recovered judgment for $844.50. The jury found that the total value of the stock destroyed by the fire was $950. Complaint is made because Kenworthy & Co. and the Farmers' State Bank were joined as plaintiffs The written transfer or assignment on the back of the policy showed that the Farmers' State Bank was the real party in interest and was entitled to recover, as alleged in the petition. The execution of the written assignment was not denied under oath, and therefore was admitted. The Farmers' State Bank is the only party that recovered any judgment, and there was no material error prejudicial in any way to the insurance company in joining Kenworthy & Co. with the bank as plaintiffs, or in sustaining the demurrer to the defense which alleged that Kenworthy & Co. "were not the real parties in interest as to the whole controversy."

All of the other errors, except the one referred to, occurred upon the trial, and concerned the reception and rejection of evidence and the giving and refusing instructions. It is doubtful, in view of the grounds alleged in the motion for a new trial, whether any errors of law occurring on the trial can be considered in this court, because it is not clearly shown in the motion that they were excepted to by the insurance company. But waiving all this, we will consider the more important questions discussed.

The deposition of A. E. Kenworthy was properly received in evidence. This deposition was taken under a notice specifying that the taking would be adjourned from day to day from 8 A. M. to 6 P. M. There was no appearance by the defendant between these hours. At the conclusion of the taking of the deposition on the first day, an adjournment was had until the next day at 11 o'clock A. M. On the trial, the insurance company objected to the deposition on that account. This objection was properly overruled. The deposition was taken pursuant to the statute and the notice given. Again, the objection was made orally, and not in writing. No exceptions, other than that of incompetency or irrelevancy, can be regarded, unless in writing and filed with the papers in the cause before the trial. (Civil Code, §§ 363, 364.)

L. E. Campbell was the general agent of the insurance company. He accepted the premium and delivered the policy after he had signed the same as agent. Upon the trial, he was asked if he had any belief with reference to the land upon which the store was situated being owned by Kenworthy & Co. at the date of the policy. This question was improperly stated to the witness. He should have been asked his knowledge, not his belief. His answer, however, was, that he "supposed the land to be the claim of A. W. Bailes." He further answered that "he did not know whether it was government land or not," and "that the title or ownership of the land did not in any way influence him in writing or issuing the policy." Any error in the inquiry or answer was imma-

terial, because it is clearly shown by the evidence that Campbell well knew at the time he issued the policy that the land upon which the building of Kenworthy & Co. was situated was not owned in fee by them. There were no misrepresentations, false statements or concealments by Kenworthy & Co. about the land or the title thereof, as alleged in the answer. Considering the knowledge Campbell, the agent, had about the title of the land, it cannot fairly be claimed that the insurance policy was void because of the provisions contained therein concerning "the interest of the assured in the property." (*Insurance Co. v. Pearce*, 39 Kas. 396; *Insurance Co. v. Gray*, 43 id. 497; *Insurance Co. v. Weeks*, 45 id. 751.) Again, while the store building was located upon the corner of A. W. Bailes, with his permission, it was not alleged in the answer that the building stood upon "leased grounds, in violation of the policy." Further than this, it clearly appears from the evidence that the interest of the insured in the building — not the land — and the furniture and stock of merchandise was entire and unconditional.

It is intimated that there was evidence before the jury tending to prove that Kenworthy & Co. had set the store on fire. This was not established before the jury. The stock destroyed, as found by the jury, amounted to $950. The recovery was $844.50 only. The court charged the jury as follows:

"If Kenworthy & Co. set that building on fire, there can be no recovery in this case; if they authorized anyone to do so, there can be no recovery; or if they knew that a fire would occur and removed any portion of the stock from the building in expectancy of a fire occurring, there can be no recovery in this action."

The questions raised concerning the fire being started by Kenworthy & Co. were properly submitted to the jury, and the jury found upon this issue against the insurance company. The jury and the trial court were the proper judges of the credibility of the witnesses and the weight of their testimony upon this matter.

We have examined the other alleged errors, but in view of the evidence of W. H. Bryning and the personal findings of the jury, such errors, if any, were wholly immaterial.

The judgment of the district court will be affirmed.

All the Justices concurring.