MAX HIPSMAN v. STATE.

No. A-3651.    Opinion Filed April 22, 1922.
(205 Pac. 1103.)

(Syllabus.)

Indictment and Information—Information Charging Pandering in Language of Statute. An information charging a person with the crime of pandering which only pleads the general terms of the statute is insufficient when properly challenged by demurrer, following Abrams v. State, 13 Okla. Cr. 11, 161 Pac. 331.

Appeal from District Court, Comanche County; Cham Jones, Judge.

Max Hipsman was convicted of pandering, and appeals. Reversed and remanded.

J. S. Rhinefort, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

MATSON, J.   This is an appeal from the district court of Comanche county, wherein the plaintiff in error, Max Hipsman, hereinafter referred to as defendant, was on the 14th day of June, 1919, convicted of the crime of pandering and sentenced to serve a term of 10 years in the state penitentiary. From the judgment rendered against him an appeal has been taken to this court, and numerous errors are as-

signed. In view of the fact that this court is of the opinion that the information upon which the defendant was tried and convicted is insufficient, as against a demurrer thereto, to charge the crime of pandering, and as the other alleged errors are not deemed sufficiently prejudicial to authorize a reversal of the judgment independent of the insufficiency of the information, they will not be discussed in this opinion.

The charging part of the information is as follows:

"That at and within said county and state, on the 8th day of March, 1919, Max Hipsman, then and there being, did then and there willfully, unlawfully, and feloniously, by abuse of his position of confidence and authority, to wit, the husband of a female person, to wit, Irene Hipsman, procure the said Irene Hipsman to enter, for the purpose of prostitution, a place to wit, the Southern Hotel in Lawton, Okla., in which said Southern Hotel prostitution was then and there encouraged and allowed, and by reason of the influence that the defendant had over said Irene Hipsman as her husband she did enter said house as aforesaid, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state."

The defendant interposed a demurrer to said information on the following grounds: First, that more than one offense is charged in said information; second, that the facts stated in said information do not constitute a public offense; third, that said information does not contain facts sufficient to constitute an offense against the laws of the state.

Said demurrer was heard and overruled, to which action defendant excepted. Thereafter defendant objected to the introduction of any evidence for the reason that the information failed to state facts sufficient to constitute a public offense. Thereafter defendant moved in arrest of judgment for the same reason.

Having tested the sufficiency of the information in the trial court by demurrer, by objecting to introduction of evi-

dence and by motion in arrest of judgment, each of which were overruled and exceptions saved, defendant now urges these several grounds for a reversal of the judgment.

This prosecution is based upon section 2425, Rev. Laws 1910. The part of said statute applicable reads as follows:

"Any person who shall * * * by abuse of any position of confidence or authority, procure any female person to become an inmate of a house of ill fame, or to enter any place in which prostitution is encouraged or allowed within this state * * * shall be guilty of pandering, and upon conviction for any offense under this article shall be punished by imprisonment in the state penitentiary for a period of not less than two years nor more than twenty years, and by a fine of not less than three hundred dollars and not to exceed one thousand dollars."

The state contends that the information following the language of the statute in charging the offense is sufficient.

In Abrams v. State, 13 Okla. Cr. 11, 161 Pac. 331, where the defendant was charged with procuring a female to become an inmate of a house of ill fame by promise and advice and scheme, based on similar provisions of the identical statute under consideration in this case, this court held that an information substantially following the language of the statute was insufficient because the words or terms used in the statute had no technical or precise meaning which of themselves defined the offense, and for that reason the facts and circumstances should be pleaded, since the Constitution provides that the accused shall be informed of the nature and cause of the accusation against him, and the statute further provides that an indictment or information shall contain a statement of the acts constituting the offense when they are necessary to constitute a complete offense.

The opinion in the Abrams Case is well reasoned, and the application of the general principles of law therein stated to

the statute under consideration and to an indictment or information following the language of such statute, we think, is impervious to attack.

We find some decisions, however, that hold under statutes defining pandering similar to the one here under consideration that an information or indictment following the language of the statute in defining the offense is sufficient. These decisions, however, merely declare the sufficiency of such indictment or information, but give no reasons for so holding.

The Criminal Court of Appeals of Texas first held that an indictment drawn in the language of the statute was sufficient, but the cases so holding were specifically overruled in the recent case of Kennedy v. State, 86 Tex. Cr. R. 450, 216 S. W. 1086. The Texas statute defining pandering is practically identical with ours, and the constitutional provision that the accused shall have the right to demand the nature and cause of accusation against him is identical with that of Oklahoma.

The information here under consideration merely alleges that the defendant, "by abuse of his position of confidence and authority, to wit, the husband of a female person, did procure," etc. None of the facts or circumstances (of which there might be many) constituting the abuse of the husband's position of confidence and authority by which she was influenced to enter a place where prostitution was encouraged are detailed in the information. Whether the husband abused his position of confidence and authority by threats of violence, by any kind of misrepresentation or deceit, or by any other conceivable means is not set out.

Under the information, therefore, neither the court nor the defendant, until the evidence was introduced, could know by what particular acts or conduct it would be claimed defendant had abused his position of authority as husband, and the defendant would not until then know what he was called upon to meet and answer.

Tested by the prescribed constitutional and statutory rules, we are of opinion that this indictment falls short of stating a complete offense in such a manner as to apprise the defendant of the nature and cause of the accusation against him and to enable him to understand what was meant and intended. This court is not disposed to depart from the reasoning and authority upon which the case of Abrams v. State, supra, is decided. The judgment is therefore reversed, and the cause remanded, with direction to the trial court to sustain the demurrer to the information and for further proceedings not inconsistent with this opinion.

DOYLE, P. J., and BESSEY, J., concur.