## METROPOLITAN LIFE INSURANCE CO. v. BRADBURY.

No. 25630.    Jan. 26, 1937.

Rehearing Denied March 2, 1937.

Mason, Williams & French, for plaintiff in error.

E. G. Avery, D. H. Cotton, and Marshall W. Hinch, for defendant in error.

WELCH, J. In the trial court the plaintiff, Samuel Bradbury, commenced this action in 1933 to recover benefits under a certain group insurance policy. The chief question in issue was whether the plaintiff became totally and permanently disabled by disease and bodily infirmities prior to November 30, 1929, and while he was in the employ of the Federal Mining & Smelting Company. The mine at which plaintiff was employed shut down on November 30, 1929, and thereafter the plaintiff was not in the employ of that mining company.

The trial resulted in a verdict and judgment in favor of plaintiff. The defendant appeals and presents various specifications of error.

An important question is whether the trial court erred in admitting in evidence, over proper objections, a certain document referred to as a clinic card, and a certain written statement signed by Dr. A. W. Heffleman.

The clinic card dated October 24, 1928, purports to be signed by F. O. Merriweather, Surgeon U. S. Bureau of Mines, and indicates that on October 24, 1928, he examined the plaintiff, Bradbury, and purports to set out in detail the physical condition of Bradbury as to disease and ailments, containing the recommendation of removal to high dry climate and to return for examination in one year. This document was admitted in evidence upon the testimony of a witness that he could identify the signature of F. O. Merriweather, but Dr. Merriweather did not testify in the trial nor by deposition.

The written statement signed by Dr. Heffleman was dated Grove, Okla., December 10, 1932, was addressed "To whom it may concern" and purported to show the result of

254

an examination of the plaintiff made that day as to his diseases and ailments, and further statements by way of opinion as to the length of time the plaintiff had been afflicted with tuberculosis. But Dr. Heffleman did not testify in the trial nor by deposition.

The defendant expressly admitted that it received proof of plaintiff's claim.

We must conclude that these two documents were inadmissible and the defendant's objection thereto as being hearsay evidence should have been sustained. The plaintiff suggests that the error in admitting these documents should be held to be harmless, but in view of the fact that this evidence touched a controlling primary issue in the case, and there was no other positive testimony or evidence touching this controlling primary issue, we would not be justified at all in saying that this evidence did not prejudice the rights of the defendant. Cosden Oil & Gas Co. v. Moss, 177 Okla. 603, 61 P. 553.

In the trial one physician did testify as a witness; he testified that he examined the plaintiff in December, 1932, and that he was then suffering from pulmonary tuberculosis of long standing, but he made no effort to specify the length of time. He had never seen the plaintiff before and did not testify as to the plaintiff's condition on or before November 30, 1929, nor did he express his opinion as to the plaintiff's condition prior to the time plaintiff left the employment of the mining company.

The plaintiff's two sons testified that he had done no work since his employment with the mining company, but there is nothing in their testimony tending to show that plaintiff became totally and permanently disabled by disease or ailment prior to the termination of his employment by the mining company.

Several of the plaintiff's neighbors testified at the trial in December, 1933. The general effect of their testimony was that at that time the plaintiff was seriously afflicted, but they did not know and did not purport to testify as to what his condition was while he was employed by the mining company.

In view of the whole record, we conclude that the trial court committed reversible error in admitting the documentary evidence objected to, and the judgment is reversed and the cause remanded for a new trial.

OSBORN, C. J., and PHELPS, CORN, and HURST, JJ., concur.