## COLPITT v. SMITH.

No. 27314, June 29, 1937.

Rehearing Denied Sept. 14, 1937.

628

Frank Ertell, for plaintiff in error.

Robert B. Thomas and Bailey E. Bell, for defendant in error.

CORN, J. This is an action to recover damages to land caused by the escaping of salt water from a gas well operated by the defendant upon land owned by the plaintiff. The action was brought in the common pleas court of Tulsa county, was tried to a jury and resulted in a verdict in the sum of $527 in favor of the plaintiff.

The only question raised and presented by the brief of the plaintiff in error goes to the sufficiency of the evidence to sustain the verdict.

The evidence shows that the well was drilled near the northeast corner of a 20-acre tract of land, being one-eighth of a mile wide and one-fourth of a mile long; the well being on the highest point on the tract and the greater part of the land lying on the slope from the well. The well ran about a barrel of salt water a day, and the operator of the well dug a small basin near the well for it to run into, but the salt water for a number of years seeped out of the basin or pit and was by the processes of nature carried down the slope until a considerable portion of the land was underlaid with a stratum of soil polluted with salt. Barren spots developed in various places and the land became less productive, if not almost nonproductive. The plaintiff made his home upon the land and cultivated the most of it. He complained at different times to the defendant about the escaping salt water and went to some trouble and expense himself to remedy the situation. The plaintiff dug a well near his house and after a few months the water in it became salty and he had to discontinue the use of the water from said well for drinking purposes. He also scraped out a basin to catch water for his livestock and after a while a trace of salt was found in the pool. Finally a small pipe was laid from the gas well to the road and the water was run into the ditch along the grade of the road, but heavy rains caused salt water to run back upon the land in places until the pipe was laid across the road and the salt water was disposed of on the opposite side. The defendant virtually admitted that salt water was allowed to escape upon the land, but sought to show that little or no damage resulted from it. Several witnesses testified on both sides of the case, and the testimony was conflicting as to the pollution of the soil and as to the value of the land, but it was the province of the jury to weigh the evidence and to make its finding of facts.

It is a well-settled rule that where there is any competent evidence reasonably tending to sustain a verdict, though the evidence be conflicting, and the cause is submitted to the jury upon instructions fairly stating the applicable law, the Supreme Court will not review the evidence for the purpose of determining the weight thereof, and substitute its judgment for the judgment rendered on the verdict, and the verdict will not be disturbed on appeal.

We have examined the record, and find the evidence sufficient to sustain the verdict. The judgment of the trial court is affirmed.

OSBORN, C. J., and BUSBY, WELCH, and HURST, JJ., concur. BAYLESS, V. C. J., and RILEY, PHELPS, and GIBSON, JJ., absent.