## O. A. ALLEN v. STATE.

No. A-9268.    Oct. 15, 1937.
(72 P. 2d 516.)

W. C. Peters, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J.   Appellant, O. A. Allen, was tried and convicted in the court of common pleas of Tulsa county. Omitting the title, the information is in these words:

"Be it Remembered:

"That Holly L. Anderson, the duly qualified and acting county attorney for Tulsa county, Okla., who prosecutes in the name and by authority of the state of Oklahoma, comes now into court of common pleas within and for Tulsa county, state of Oklahoma, on this the 10th day of July, A. D. 1936, and gives the court to understand and be informed that on the 7th day of July, A. D. 1936, and prior to the filing of this information in Tulsa county,

state of Oklahoma, said defendant, in said county, and within the jurisdiction of this court, did unlawfully, wilfully, wrongfully and knowingly, offer to bribe an election officer, to wit: E. E. Dunn, an election judge in Precinct No. 119, Tulsa county, Okla., in which there was a general primary election, held for the purpose of nominating national, state and county candidates, to be placed on the ballot, to be voted for at the November, 1936 election, for respective offices, committed in way and manner as follows, that is to say, said defendant approached the said E. E. Dunn, and represented to him that one Mrs. Frank Wascheck had been appointed one of the counters in said Precinct No. 119, and that he had already fixed her, that on said election day she would appear at the polls, then he would tape her wrist and arm, and represent to the election board in said precinct, that she could not keep tally, and for him to see that she was to do the calling, and he wanted to throw said election to certain candidates, then and there stating to the said E. E. Dunn that he would look after him, and give him, the said E. E. Dunn, what he wanted, that he, the said E. E. Dunn, would be taken care of, and that the said Mrs. Frank Wascheck, would call the votes for the candidates he suggested, and all of said acts so proposed by the said defendant to the said E. E. Dunn, were to be done contrary to his official duty in relation to such election, and said defendant, did then and there unlawfully, wilfully, and knowingly, offer to bribe the said E. E. Dunn, in the way and manner as aforesaid, contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State.

"Holly L. Anderson, County Atty.
"By T. L. Wallace, Assistant.

"State of Oklahoma, County of Tulsa, SS.

"I, Jack Bonham, county investigator, being first duly sworn, upon oath depose and say that I have read the above and foregoing information, and know the contents thereof, that all the allegations contained therein are true.

"Jack Bonham.

"Subscribed and sworn to before me this 10th day of July, A. D. 1936.

"Frank Markham, Clerk of the Court of Common Pleas,
"By Emile F. Sterger, Deputy.

"Endorsed: Filed July 10, 1936—Frank Markham, Clerk."

The verdict returned by the jury is as follows:

"We, the jury, drawn, impaneled and sworn in the above entitled cause, do upon our oath find the defendant guilty as charged in the information herein, and leave Penalty to the Court.

"Dewey L. McElroy,            J. L. Jackson,
"W. A. Chilcoat,             E. M. Hall,
"J. R. Cameron,              F. G. Helscel,
"Paul M. Brown,              L. A. Langston."
"Sherman Adams,

Motion for new trial was duly filed, presented and overruled. On November 12, the court rendered judgment and sentenced the said "O. A. Allen, to be imprisoned in the Tulsa county jail for a period of sixty days and to pay a fine of $100 and the costs."

To reverse the judgment an appeal was perfected.

The first contention is that the court erred in overruling defendant's demurrer to the information, based on the grounds that the facts stated do not constitute a public offense; and that the information is indefinite and not direct and certain as to the party charged or as to the offense charged.

It is urged that the information is insufficient as being vague, indefinite, and uncertain, and is fatally defective in failing to allege that said bribe was offered with corrupt intent to influence unlawfully the person to whom it was offered, quoting the statute (Penal Code, St. 1931,

§ 1777 [21 Okla. St. Ann. § 97]), which defines "bribe" as follows:

"The term 'bribe' signifies any money, goods, right in action, property, thing of value or advantage, present or prospective, or any promise or undertaking, asked, given or accepted, with a corrupt intent to influence unlawfully the person to whom it is given, in his action, vote or opinion, in any public or official capacity."

Two other objections to the information are urged; they are: That the information fails to allege what candidates were to receive the benefit of said offered bribe, merely alleging that "he wanted to throw said election to certain candidates," and that said information fails to allege that any bribe of any consideration or value, as defined by our statute, was ever offered by the defendant.

It also appears that the information does not contain any direct and certain allegation of fact as to the kind or value of the thing offered, or the promise offered as a bribe, and it is not alleged that the defendant knew the person to whom the alleged offer was made was then an election judge.

It will also be observed that the name of the defendant does not appear in any part of the information, nor is the defendant named by reference to the title of the case or otherwise mentioned in the information, and no person named is charged in the information with having committed the offense.

The section of the Penal Code (2035, O. S. 1931 [21 Okla. St. Ann. § 2431]), upon which the information is based, reads thus:

"Every person who gives or offers a bribe to any judge, clerk, canvasser, or other officer of an election, as a consideration for some act done or omitted to be done contrary to his official duty in relation to such election, shall be

punished by fine not exceeding five hundred dollars, and imprisonment in the county jail not exceeding six months."

The crime attempted to be charged in the information is "offering a bribe to an election judge."

The general rule that an information is sufficient in the charging part when it follows the language of the statute applies only in cases where there is a sufficient description of the offense intended to be created by the Legislature; and where a mere general or generic term is used, or the statute does not sufficiently define the crime, or set forth all the essential elements of it, the use of the statutory language is not sufficient in order to particularize the offense. For this purpose it is necessary in some instances, in addition to the statutory words of general description, to set forth the thing or means used, or other statement of facts and circumstances, as with respect to time, place, person, or other circumstances, to identify the particular transaction. 14 R.C.L. 187.

While, as a general rule, it is sufficient to charge a statutory offense in the language of the statute, there are exceptions to the rule. The information must contain a statement of the acts constituting the offense, and, if the statutory words are not sufficient, it must be expanded beyond them. The criminal nature and character of the offense must appear in allegation; also the particular facts and circumstances which render the defendant guilty of that offense. Porter v. State, 4 Okla. Cr. 654, 111 Pac. 1023; Abrams v. State, 13 Okla. Cr. 11, 161 Pac. 331; Wilcox v. State, 13 Okla. Cr. 599, 166 Pac. 74; Hipsman v. State, 21 Okla. Cr. 220, 205 Pac. 1103.

Under our Penal Code (sections 1906, 1907 [21 Okla. St. Ann. §§ 381, 382]), bribery is the offering, giving, receiving, or soliciting of anything of value with intent to

influence the recipient's action as a public official, either executive, legislative, judicial, or other public official.

A criminal intent is as necessary in this as in other crimes, and this intent must be to influence corruptly an official in the discharge of his duty.

It is apparent from a reading of the statute (section 2035, supra), upon which the information in this case is based, that it simply names the offense and provides for its punishment. The essential elements of the crime of offering a bribe to an election judge, as necessarily inferred from the statute, include knowledge on the part of the defendant of the official character of the person to whom the bribe is offered, the fact that something of value was offered or promised, and that it was offered with the intent to influence his official action. It is not sufficient to follow the words of the statute and allege that the defendant offered a bribe to an election judge, naming him, then and there stating to the said judge, "that he would look after him, and give him what he wanted." On the contrary, it is necessary to allege directly in the charging part of the information the official character of the person to whom the offer was made, and knowledge of the defendant that he was such election judge, and the fact that it was of value, or that there was a promise to give something of value; that it was offered with the intent to influence the official action of such person; and that the bribe was offered with corrupt intent to influence his action.

An information is divided into four parts: (1) The caption; (2) the commencement; (3) the charge; and (4) the conclusion. The substantial part of the information is the charging part.

No information is insufficient by reason of a defect

or imperfection in the matter of form, which does not tend to the prejudice of the substantial rights of the defendant on the merits. Section 2892 (22 Okla. St. Ann. § 410).

The statute dispenses with mere formality and technicality, but the requirement that the information must be direct and certain as it regards the party charged, the offense charged, and the particular circumstances of the offense charged, is imperative. Section 2884 (22 Okla. St. Ann. § 402). It must describe the defendant by his true name, if known.

The rule stated in 31 Corpus Juris 689, is:

"Where accused has been sufficiently described in the caption or title of the indictment or information, a reference to such description from the charging part thereof may be sufficient; or the name in the title may be made to refer to the charging part of the indictment by a grammatical construction which makes the meaning plain. The statement of a defendant's name in the caption without stating it in the charging part or making any reference thereto in the charging part is insufficient."

It is not essential to the validity of the indictment or information that the name of the defendant be correctly stated. Winfield v. State, 18 Okla. Cr. 257, 191 Pac. 609.

Tested by the rules of law which we have stated, it is apparent that the facts stated in the information are insufficient to charge the crime of offering a bribe to an election judge, and the information in question is insufficient, in that the name of the defendant does not appear in any part thereof, and no named person is charged in the information with having committed the offense.

It follows that the defendant's demurrer to the information should have been sustained.

24

The only remaining question which we deem necessary to consider is the sufficiency of the evidence to sustain the verdict.

The record shows that at the close of the evidence a motion for a directed verdict on the ground that the evidence was not sufficient to warrant a conviction was overruled.

It is sufficient to say in this respect that we have examined fully the whole case, and our conclusion is that the evidence is entirely insufficient to show the commission of the offense attempted to be charged in the information.

For the reasons stated, the judgment is reversed, and the case will be remanded to the lower court, with direction to dismiss and discharge the defendant.

DAVENPORT, P. J., and BAREFOOT, J., concur.