BROWN et al. v. CHADDICK.

No. 32314. Oct. 1, 1946.

*172 P. 2d 996.*

John R. Huggins, of Ada, for plaintiffs in error.

Thompson & Braly, of Ada, for defendant in error.

RILEY, J. A. W. Chaddick sued Eliza Hollingsworth et al. for possession and to quiet title to lot 4, block 36, Stonewall, Okla. Plaintiff deraigned his title from Pontotoc county and based it upon a commissioners' deed issued to him May 26, 1944. Mrs. Brown, one of the defendants, sought the appointment of a guardian ad litem for defendant Eliza Hollingsworth, her mother and a paralytic alleged to be physically and mentally incapacitated. Prior to the issuance of letters of guardianship Eliza Hollingsworth died and the action as against her was revived.

The other defendants, as heirs at law of G. Z. Hollingsworth, who died January 8, 1930, answered setting forth that Eliza Hollingsworth was the surviving widow of deceased, owner, and as such was possessed of a homestead right in the property together with right of redemption from the sale of the property for taxes at any time within one year of the expiration of her disability. 68 O.S. 1941 § 433a.

These defendants denied delinquency of the taxes until July 1, 1944, and claimed the lot was not sold for taxes in the name of the last record owner in that the letter "C" had been substituted for the middle initial "Z" in the advertisement for delinquent taxes by the county.

Defendants made tender of the amount of delinquent taxes found to be due.

The plaintiff was never in possession of the property, it being occupied by defendants Edith Bolen and her husband, James.

Defendants' demurrer to plaintiff's evidence was overruled. Defendants' evidence showed that G. Z. Hollingsworth, deceased, was the last record owner of the property, which in his lifetime consisted of the homestead occupied by deceased, his wife, and youngest daughter, Sammie D. Hollingsworth, who predeceased her mother. Eliza Hollingsworth continued to occupy the premises as a homestead until she suffered a paralytic stroke, whereupon she was cared for at the home of her daughter, Lucy Brown.

About 1938 the mother suffered another stroke. Thereafter she could neither walk nor talk, and according to the testimony of Lucy Brown she was totally incapacitated and required the care of an infant.

". . . Was she capable of transacting business . . . By Mr. Thompson: We renew our objection—By the Court: Sustained. By Mr. Huggins: Note our exceptions".

Thereafter defendants sought to introduce the certificate of two licensed physicians who attended Eliza Hollingsworth, the purpose of which was to show her mental condition for some years prior to her death. The offer was rejected, whereupon defendants sought and were denied a continuance to procure the attendance and testimony of the physicians upon the issue.

The decree quieted plaintiff's title; the judgment awarded plaintiff possession; defendants appeal.

It is assigned as error that the notice of delinquent taxes failed because of the error in the middle initial of the last record owner.

The letter "Z," when pronounced, has similar sound to that of "C". The rule applicable to idem sonans is stated in Collingsworth et al. v. Hutchinson, 185 Okla. 101, 90 P. 2d 416. Though the letters are different to the sight, the attentive ear may find difficulty in distinguishing pronunciations of the letters and particularly is this so by those careless in articulation. That carelessness is the "generality of mankind". Miltonvale State Bank v. Kuhnle, 50 Kan. 430, 31 P. 1057; 38 Am. Jur., Name, para. 39. The law does not regard the spelling of names so much as their sounds. 45 C.J. 383. There was no evidence to show any other person of the community or within the county named Hollingsworth and possessed of the initials "G. C." King v. Slepka, 194 Okla. 11, 146 P. 2d 1002. So the variation is not presumed to have been misleading. The

probability is that it was a clerical or typographical error, and even under the requirement of the rule in Brown v. Mudd, 173 Okla. 152, 47 P. 2d 109, the name of the last record owner was given. The assignment is without merit.

Error is predicated on refusal to admit competent evidence to show the mental incapacity of Eliza Hollingsworth. The issue is a vital one for, under the provisions of 68 O.S. 1941 § 433a, infants, idiots, and insane persons have right of redemption from sale of land for taxes within one year after expiration of the disability. Therefore, if Eliza Hollingsworth was without understanding, she was entitled to redeem the property within her lifetime and the right extended to her heirs.

Even if the property did not constitute her homestead, her right of redemption extended to her inherited interest. Eliza Hollingsworth was a helpless paralytic. If she was devoid of understanding, her right and that of her heirs were safeguarded by the statute. Dementia paralytica is recognized as a type of insanity. 32 C.J. 559-614.

Moreover, nonprofessional witnesses, having sufficient opportunities of observing, may give their opinion as to the sanity or mental condition of a person. Baughman v. Baughman, 32 Kan. 538, 4 P. 1003; Carney v. Brown, 110 Okla. 165, 237 P. 111; Campbell v. Dick, 71 Okla. 186, 176 P. 520; Conwill v. Eldridge, 35 Okla. 537, 130 P. 912.

Lucy Brown, having cared for Eliza Hollingsworth for six years, certainly had opportunities to observe her. Nor was the witness disqualified by the provisions of 12 O.S. 1941 § 384. The adverse party is neither executor, administrator, heir at law, next of kin, surviving partner, nor assignee of deceased. The rejection of the proffered testimony constituted reversible error.

Not so, however, as to the rejection of the certificates of the two attending physicians. The admission in evidence of such certificates would afford no opportunity to cross-examine the witnesses.

Neither did the trial court commit error in denying a continuance for the purpose of securing the attendance and testimony of the physician. No effort was made to show diligence on the part of defendants who sought the continuance. That matter rested within the sound discretion of the trial court.

Reversed and remanded, with directions to grant a new trial.

GIBSON, C.J., HURST, V.C.J., and OSBORN and BAYLESS, JJ., concur.