208 Okla. 475 (1953)
257 P.2d 517
In re PORTER'S ESTATE.
FISHER et al.
v.
PORTER et al.
No. 35526.
Supreme Court of Oklahoma.
May 19, 1953.
Allan Falkenstine and H.G. Tolbert, Watonga, for plaintiffs in error.
Harry Glasser, Enid, and R.H. Morgan, Watonga, for defendants in error.
WILLIAMS, J.
S.P. Porter died on June 16, 1951, leaving a will in which he devised the bulk of his estate to the children of the daughter of his twin sister. Petition for probate of the will was filed in the county court, and certain heirs at law contested the probate on the ground that testator was incompetent when he executed the will. No medical testimony was introduced in the county court, and the will was admitted to probate. On trial de novo in district court, where medical testimony was introduced, the probate was denied. From this order and judgment, the executor and devisees (proponents) under the will have duly appealed.
Parties will be referred to herein as proponents and contestants.
Proponents present two assignments of error in their brief, one of which was error of the court in the admission of certain alleged privileged and hearsay evidence Since the judgment must be reversed for that error, we will not consider herein the other assignment made.
The evidence which is alleged to be privileged and hearsay was the hospital records concerning a visit by the deceased to a hospital in Oklahoma City. These records contained a narrative discussion of the ailment of deceased and a diagnosis of his condition. The physicians who wrote the narrative were not witnesses and therefore were not available for cross-examination.
The contention of proponents that the evidence concerned was privileged as being a confidential communication between physician and patient is not well taken, for the reason that such privilege can be waived, as to a decedent, by his heirs at law. See 58 Am. Jur. Witnesses, section 440, which reads in part:
*476 "Under the majority rule stated above, heirs may waive the privilege in a contest with strangers or with other heirs. Thus, when the dispute is between the devisee and heirs at law of a testator, all claiming under the deceased, either the devisee or heirs may call the testators attending physician as a witness. This rule applies in actions to set aside a will and in proceedings to contest the probate of a will, because, as has been declared, the proceedings are not adverse to the estate. * * *"
The contest in the instant case is between the executor and devisees (proponents) and heirs at law (contestants) of the deceased. We hold that the privilege, if such existed, was waived by the heirs at law when they offered the hospital reports in evidence.
We have given the voluminous record in this case careful consideration. It indicates that the decision was based largely on the medical evidence objected to. At one point the trial court said with reference to the alleged hearsay evidence:
"* * * Now this diagnosis is a very revealing  I think the only way the Court can decide it  for as I say, the evidence of Proponents and Contestants (meaning testimony of lay witnesses) probably off-set themselves* * *".
In his findings of fact, the trial court said in part:
"That the report of Doctors Hermann and Wilkins, made as of October 12, 1940, concerning such tests and examination is the best evidence of what it purports to show. * * *
"That the terms `general paresis', and `menigo-gascular disease', are both used in such report as technical terms, identifying types of organic, but not readily distinguishable brain disease resulting from syphilis."
Doctors Hermann and Wilkins were the authors of the narrative report and diagnosis written into the hospital records which were objected to as hearsay. Formal identification of the hospital records was waived, but the objection of "incompetent, irrelevant, immaterial and privileged" was saved.
Contestants do not deny that the records were hearsay, but contend that the hearsay objection was not properly saved in the trial court, for the reason that the only objection going to the question of hearsay was the objection above quoted.
With this contention we cannot agree. Title 12, O.S. 1951, § 424, which provides in substance that the objection of "incompetent, irrelevant and immaterial" shall be deemed to "cover all matters ordinarily embraced within such objections," unless a more specific statement of the objection is requested by the trial court or opposing counsel, is not applicable here because it concerns only a situation "where any party desires to object to any question put to a witness". See Skinner v. Bowlan, 181 Okla. 544, 75 P.2d 181. We must therefore determine what is the correct rule in the absence of statute. The question of what objections are saved by the general objection of "incompetent, irrelevant and immaterial" was answered in the Skinner case, supra, as follows:
"As a basis, or a starting point, it is well to remember that the objection to the effect that offered evidence is `incompetent, irrelevant and immaterial', is merely the equivalent of `I object', and in the absence of statute is no objection at all. * * *"
The exception to this general rule was aptly stated in the earlier case of McDonald v. Strawn, 78 Okla. 271, 190 P. 558, wherein the court said:
"But there is this exception to the general rule: If the objection cannot be obviated or if the evidence is clearly inadmissible for any purpose, a general objection is sufficient. * * *"
Hearsay evidence is defined as follows in 31 C.J.S. Evidence, § 192, p. 919:
"Evidence is hearsay when its probative force depends on the competency and credibility of some person other than the witness."
*477 31 C.J.S. Evidence, § 194, p. 930, reads in part as follows:
"A statement otherwise objectionable as hearsay does not become competent because it has been reduced to writing. * * *"
In Metropolitan Life Ins. Co. v. Bradbury, 179 Okla. 253, 65 P.2d 433, this court said, concerning the admissibility in evidence of the unsworn written statement of a physician who did not testify at the trial:
"A fact in dispute between litigants cannot be proven by written statement prepared and signed by disinterested parties prior to trial; the admission of such hearsay evidence over proper objections, may constitute reversible error."
In the body of the opinion, the court said:
"The plaintiff suggests that the error in admitting these documents should be held to be harmless, but in view of the fact that this evidence touched a controlling primary issue in the case, * * * we would not be justified at all in saying that this evidence did not prejudice the rights of the defendant."
In the case at bar, the fact that the offered evidence was hearsay was apparent on its face; the written statements of the physicians concerned the existence of a certain disease which in its advanced stages can render one mentally incompetent. The statement of the trial court above quoted, and his findings of facts, both reflect the fact that he gave great weight to the hearsay evidence noted in rendering his decision. Under those circumstances, it cannot be said that the error in admission of hearsay evidence was not prejudicial to the rights of proponents.
We hold that, pursuant to the rule set out in McDonald v. Strawn, above quoted, the objection "incompetent, irrelevant and immaterial" in the case at bar did raise the question of hearsay, and that the court committed error prejudicial to the rights of proponents in admitting the evidence objected to.
The judgment of the trial court is reversed and this cause is remanded, with directions to grant proponents a new trial.
HALLEY, C.J., JOHNSON, V.C.J. and WELCH, CORN, O'NEAL, and BLACKBIRD, JJ., concur.