Clifford E. SHINN, Plaintiff in Error,

v.

Orin FRANCIS, a sole proprietor, doing business as Orin Francis Trucking Company and Robert Lee Hill, Defendants in Error.

No. 40521.

Supreme Court of Oklahoma.

June 8, 1965.

Berry & Berry, by Howard K. Berry, Oklahoma City, for plaintiff in error.

Otjen, Carter, Huddleston & Otjen, by Charles G. Huddleston, Enid, for defendants in error.

IRWIN, Justice.

Plaintiff in error, referred to as plaintiff, commenced proceedings to recover damages for alleged personal injuries sustained as a result of a rear-end type collision between two vehicles. Defendant's vehicle had overtaken plaintiff's pick-up and there is no dispute as to the fact of the occurrence. There is a dispute as to the degree of force of the impact and whether plaintiff suffered injury, and if so, the extent thereof. Although Robert Lee Hill, who was operating defendant's vehicle at the time of the accident, was named a party defendant in the original action and named one of the defendants in error on appeal,

the action against him was dismissed without prejudice prior to trial.

At the close of the evidence the trial court sustained plaintiff's motion for a directed verdict on the question of liability and the issue of damages was submitted to the jury. The jury returned a verdict for defendant and judgment was rendered accordingly. Plaintiff appeals from the order overruling his motion for a new trial.

## CONTENTIONS

The primary issue to be determined is the admissibility of certain evidence adduced by defendant on cross examination of plaintiff's attending physician. By such cross examination, evidence was adduced on behalf of defendant that other doctors had examined plaintiff, submitted their reports to plaintiff's attending physician and were of the opinion plaintiff sustained no injuries as a result of the accident.

Plaintiff contends that where the trial court permits defendant to cross examine plaintiff's attending physician as to the contents of certain letters addressed to plaintiff's lawyer and the witness, and which were written by other doctors who did not testify, and the contents of the letters are brought before the jury, over objections, and contained hearsay, and are not the best evidence, plaintiff was prejudiced and the permitting of such cross examination constitutes reversible error.

Defendant contends that an expert witness who gives his opinion, need not, as a prerequisite, detail the facts upon which such opinion is based, but complete inquiry concerning such facts is permissible on cross examination; and the giving of a line of testimony on direct examination, permits cross examination concerning such evidence, although such cross examination would otherwise be improper. In support of these contentions, defendant argues that the cross examination of plaintiff's attending physician was not for the purpose of proving a fact, but to test his opinion in the light of the facts and the tests reported to him. Defendant also contends that there

can be no recovery of damages where no injury results from a wrongful act and a new trial can not be had solely on the question of damages.

## FACTS

Plaintiff's witness, his attending physician, testified by deposition. On direct examination the physician stated that he saw plaintiff about an hour after the accident and gave him a physical examination and the treatment for that day "was just something for the relief of muscle spasm pain"; that he had known plaintiff before this time and had treated him professionally and the nature of his condition that required the previous medical attention was "primarily a duodenal ulcer with recurrent hemorrhage; that his records showed the only other condition plaintiff had was high blood pressure and that he referred plaintiff to an Oklahoma City Clinic for possible consultation as to surgery in April, 1959; that he examined plaintiff in April, 1961, and noticed a mid-line scar in the upper abdomen; and in connection with his physical examination of plaintiff in April, 1961, he obtained from plaintiff some medical history. This medical history discloses that in June, 1960, plaintiff suffered another gastric hemorrhage with acute blood loss and was taken to an Oklahoma City Clinic by ambulance and the lower half of his stomach and duodenum was removed to prevent recurrence of his hemorrhage and the operation was performed by a Dr. N; that in his opinion, and based on the examination of plaintiff in April, 1961, plaintiff was physically able to do ordinary manual labor and his physical condition was excellent, except for mild high blood pressure; that he saw plaintiff two times in July, 1961, to re-check his blood pressure and to ascertain the results of his medication and the results were excellent.

The deposition of plaintiff's attending physician discloses that he examined plaintiff two or three days after the accident and in his opinion, plaintiff was not able to do ordinary manual labor and the same was the result of the accident. The physician

stated he was then quite concerned about the status of the operative scar and whether there had been a break-down or tear and thought a proper evaluation should be made by the doctor who performed the operation and that he recommended this to plaintiff; that he re-examined plaintiff in October, 1961, and plaintiff was still unable to do ordinary manual labor and was still complaining of severe discomfort on movement.

The physician stated an analysis of plaintiff's urine disclosed occasional red cells or blood cells in plaintiff's urine. The physician was asked, " * * * on the basis of your first examination of Shinn (plaintiff) August 29, 1961, and September 1, 1961, and your subsequent observations of him and examinations to this date, and on the basis of the history that you have been furnished, what in your opinion, is the cause of this persisting condition that Shinn has?" The physician answered, "It is my opinion that the man, as a result of this accident, received what we refer to as a contusion to his right upper abdomen, and I feel that he had a slight fracture possibly of the cortex of the right kidney." He stated that those conditions would produce the type of pain and discomfort plaintiff had; and that "up until the present time, with the findings and the history of him still having difficulty, this is a condition that usually recovers with a given length of time, which I think he has had sufficient time to recover, so in my opinion there is a possibility of continued difficulty."

In analyzing the evidence contained in the physician's deposition submitted on direct examination, we find that despite the absence of objective indicia, he was of the opinion that plaintiff sustained injuries as a result of the accident. We also find that his opinion was based upon examination of the plaintiff and his own medical tests, familiarity with plaintiff's physical condition before and after the accident, and upon subjective symptoms, how the plaintiff acted and what the plaintiff stated to him. The record does not show otherwise and we can assume that such was made for the purpose

of treatment and cure of plaintiff. See 65 A.L.R. 1223; and Ft. Smith and W. Ry. Co. v. Hutchinson, 71 Okl. 139, 175 P. 922.

On cross examination of plaintiff's attending physician it was brought out that he had had contacts with and received reports from certain doctors in Oklahoma City who had examined and treated plaintiff and the tests were reasonably incident to the proper diagnosis and evaluation of plaintiff's condition; and that he was a general practitioner and the doctors in Oklahoma City were specialists in their practice. Defendant's counsel then referred to a letter from one of the specialists and plaintiff objected to the admission of its contents on the grounds that it was "improper cross examination, incompetent, irrelevant and immaterial, and not the best evidence, and based on hearsay". The trial court overruled the objection and stated, " * * * that the subject itself was opened by direct examination and portions thereof by way of deposition, and that the opinion expressed by the doctor witness is not entirely upon the case history and his own findings, including those based upon other reports. Gentlemen, the door is open, the subject is before you, and I will allow you to cross-examine."

Plaintiff's attending physician was further questioned on cross examination concerning reports by other specialists interpreting x-rays, cystoscopic examinations, intravenous pyelograms, urine studies, blood tests and their findings and conclusions. The sum and substance of this cross examination was that a urologist, a specialist in orthopedic matters and two other specialists had examined plaintiff, and in their opinion, plaintiff had sustained no injuries whatsoever as a result of the accident.

The only medical evidence adduced by defendant was in the cross examination of plaintiff's physician and it was stipulated in the pre-trial conference that defendant did not desire to request a physical examination of plaintiff.

In addition to making the proper objections to the evidence elicited on cross examination of plaintiff's attending physician, plaintiff filed prior to trial, a motion to suppress all the evidence in the deposition of plaintiff's attending physician elicited upon cross examination and the same was overruled.

## CONCLUSIONS

■ In Griesel v. Fabian, 184 Okl. 42, 84 P.2d 634, we held:

"Where an injury is of such a character as to require skilled and professional men to determine the cause thereof the question is one of science and must be proved by their testimony. This rule does not, however, prevent a layman from testifying to facts in connection with his injury which as a layman he is capable of observing."

On direct examination, plaintiff submitted satisfactory medical proof that he had sustained personal injuries as a result of the accident. Defendant did not present an expert witness. However, on cross examination of plaintiff's attending physician concerning the reports of other physicians' interpretations of x-rays, cystoscopic examinations, intravenous pyelograms, urine studies, blood tests and other findings, defendant adduced satisfactory medical proof that plaintiff had not sustained any personal injuries as a result of the accident.

■ In Farmers Co-Operative Elevator Company of Douglas v. Dievert, Okl., 346 P.2d 947, we recognized the well established rule that in an action of legal cognizance it is not the duty of this Court to weigh the evidence, but to examine the evidence to determine whether there is competent evidence to support the findings of the jury on which the judgment is based.

In Colpitt v. Smith, 180 Okl. 627, 71 P.2d 711, we held:

"Where there is any competent evidence reasonably tending to sustain a verdict, though the evidence be conflicting, and the cause is submitted to the jury upon instructions fairly stating the applicable law, the Supreme Court will not review the evidence, for the purpose of determining the weight thereof, and substitute its judgment for the judgment rendered on the verdict."

It necessarily follows that if the evidence elicited on cross examination of plaintiff's attending physician was competent, this Court will not substitute its judgment for the judgment of the jury and grant a new trial.

Defendant proposes that the same was competent on the theory that the evidence elicited on cross examination was not for the purpose of proving a fact but to test the opinion of plaintiff's attending physician in light of the facts and tests reported to him by other doctors. Plaintiff cites this procedure was approved in Shaw v. Duncan, 194 F.2d 779 (10th Cir. 1952). In that case a doctor testified on direct examination that a treatment which contains sulphur will not cure or have an effect on acne. On cross examination he testified that he had read a certain authoritative medical textbook and the trial court sustained an objection as to whether the medical textbook did not recommend the use of sulphur internally in the treatment of acne. The appellate court said the trial court should have permitted the doctor to answer the question. In that case the court said that it was not an inexorable rule that automatically bars reliance of the fact finding tribunal upon informed medical judgment every time medical witnesses can be produced who blindly adhere to a curative technique thoroughly discredited by reliable scientific experiences.

The above authority is not persuasive in the instant appeal. We are not herein concerned with reliable scientific experiences which establish that a certain drug does or does not have a curative effect upon a given disease, or any other accepted therapeutic procedure, but only with the causal connection between the alleged injury and the accident. Plaintiff's doctor examined plaintiff and made certain tests

and was of the opinion that plaintiff had sustained such injuries as a result of the accident. On cross examination of plaintiff's doctor, defendant adduced evidence that it was the opinion of four other doctors who had examined plaintiff and made certain tests on him, that plaintiff had sustained no injuries as a result of the accident.

In considering whether the evidence so adduced on cross examination was competent, we find the trial court admitted the same on cross examination on the theory that "the subject itself was opened by direct examination * * * and that the opinion expressed by the Doctor witness is not entirely upon the case history and his own findings, including those based upon other reports * * *."

We find it unnecessary to herein consider whether the evidence adduced by defendant on cross examination of the doctor would have been competent on the grounds stated by the trial court under the record herein presented. On direct examination of the doctor, plaintiff's counsel very carefully confined his questions to opinions of the doctor based upon the doctor's own examinations and the case history furnished by plaintiff and not upon the reports of the other doctors. The doctor's testimony was responsive to the questions posed. Therefore, we find the subject itself was not opened on direct examination and it is unnecessary to consider the competency of such evidence had the subject been opened on direct examination.

■■ In In re Porter's Estate, 208 Okl. 475, 257 P.2d 517, we said:

"Hearsay evidence is defined as follows in 31 C.J.S., Evidence, § 192, page 919:

" 'Evidence is hearsay when its probative force depends on the competency and credibility of some person other than the witness.'

"31 C.J.S., Evidence, § 194, page 930, reads in part as follows:

" 'A statement otherwise objectionable as hearsay does not become competent because it has been reduced to writing.
* * * *'."

In Simon v. Hendricks, Okl., 330 P.2d 186, we held it was error to permit an expert to testify over proper objections as to what is shown by an X-ray photograph which is neither produced for inspection nor offered in evidence.

In Metropolitan Life Insurance Co. v. Bradbury, 179 Okl. 253, 65 P.2d 433, we said that written statements of two doctors expressing an opinion as to the physical condition of a person, where the doctors did not testify at the trial or by deposition, were inadmissible and the objections thereto as being hearsay evidence should have been sustained.

In Brown v. Chaddick, 197 Okl. 515, 172 P.2d 996, we said that the certificates of two examining physicians were not admissible because the admission in evidence of such certificates would afford no opportunity to cross-examine the physicians.

■■ We can only conclude that the evidence adduced on the cross examination of plaintiff's doctor was hearsay evidence and the same was inadmissible and the trial court should have sustained plaintiff's objections to the admission thereof. Since there was no other medical evidence adduced on behalf of defendant and plaintiff presented satisfactory medical proof that he had sustained injuries as a result of the accident, plaintiff's substantial rights were prejudiced by the admission of such evidence. In In re Porter's Estate, supra, we held that admissions, over proper objections, of hearsay evidence which is substantially prejudicial to the rights of a party, is reversible error.

Defendant contends that there can be no recovery of damages where no injury proximately results from a wrongful act. We find the trial court sustained plaintiff's motion for a directed verdict on the question of liability. Defendant did not file a cross-appeal and the question of liability is not an issue in this appeal. Therefore, the primary issue in this appeal is whether there is competent evidence rea-

sonably tending to sustain the verdict of the jury and the judgment rendered thereon and this issue concerns the injuries sustained, if any, in the accident.

Defendant proposes that a new trial cannot be had solely on the question of damages and cites as authority the case of Hallford v. Schumacher, Okl., 323 P.2d 989. In that case the jury returned a verdict for $5,000.00 on plaintiff's first cause of action for wrongful death, and $4,374.85 for medical, hosiptal, and funeral expenses on plaintiff's second cause of action but specifically denied any damages for pain and suffering, although the proof of pain and suffering was clear, convincing and undisputed. Plaintiff filed a motion seeking a partial new trial for the sole purpose of determining the damages for pain and suffering. This motion was sustained by the trial court and judgment was rendered in favor of plaintiff for the amounts awarded by the jury for the other elements of damages and this judgment became final.

In the above case we pointed out that a failure to award any damages for pain and suffering where clearly proved, under proper instructions was, in effect, a finding of no liability, whereas the award for medical and hospital expenses included a finding that liability did exist. We then said, "Therefore in the case before us, the proof of pain and suffering being clear and undisputed, it would appear that the jury was having its greatest difficulty with the question of liability. The issue of liability was vigorously contested and was not abundantly clear." We concluded that the verdict was inconsistent and invalid and plaintiff would have been entitled to a new trial on all the issues, but having limited his motion for a new trial to the sole question of damages for pain and suffering, he was not entitled to a new trial solely on that issue alone. Under the particular factual situation in that case we held that the granting of a partial new trial was erroneous.

There is a clear cut distinction between the facts in the above case and the facts herein presented. In the instant action the trial court sustained plaintiff's motion for a directed verdict on the question of liability and the only issue submitted to the jury related to damages. Defendant did not cross-appeal and the question of liability has been finally determined. Under the authority of Lone Star Gas Co. v. Parsons, 159 Okl. 52, 14 P.2d 369; Chickasha Cotton Oil Co. v. Hancock, Okl., 306 P.2d 330, and other cases cited with approval and discussed in the Hallford v. Schumacher case, supra, plaintiff is entitled to a new trial solely on the issue of damages.

Judgment reversed with directions to grant plaintiff a new trial solely on the issue of damages.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY and HODGES, JJ., concur.