**Archie Leroy HILL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–186.**

Court of Criminal Appeals of Oklahoma.

June 5, 1974.

Charles W. Adams, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., M. Joe Crosthwait, Jr., Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Archie Leroy Hill, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–73–1215, for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, After Former Conviction of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. The jury set his punishment at three (3) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The State's version of the facts was presented at trial through the testimony of its sole witness, Officer Chester Childs of the Oklahoma City Police Department. He testified that while on patrol around 4:30 in the afternoon of April 27, 1973, he noticed a 1968 Chevrolet backing out onto SE 29th Street into oncoming lanes of traffic, creating a traffic hazard. For several blocks he chased the car while it weaved back and forth across two lanes. The car then made a wide swerve through an intersection, nearly hitting another vehicle which was waiting for a light. Officer Childs was able to stop the car about a block later. He identified defendant as the driver of the car.

Officer Childs testified that as he was asking defendant for his driver's license, he detected a strong odor of alcohol on defendant's breath, and also noticed that defendant's speech was slurred. At the same time, he observed a bottle of whiskey in the front seat next to defendant. He had to assist defendant in walking back to the patrol car for the ride to the Oklahoma County Jail. During the ride to jail, defendant became very belligerent, and on arrival had to be assisted in walking to the booking desk. As he was being booked in, defendant claimed that Officer Childs had

stolen a large amount of cash from him; however, a strip search of defendant (during which the officers had to have defendant sit down in order to keep him from falling), the cash was discovered hidden in defendant's shorts.

Defendant did not directly dispute Officer Childs' testimony, but claimed that his condition on the day in question was the result of his consumption of no more than one can of beer, and the taking of a prescription tranquilizer under his doctor's instructions.

Sarah Ward, defendant's ex-wife, testified that defendant had been to her house several times that day, and had taken a tablet of valium tranquilizer during one of the visits. She stated that defendant had not been drinking to her knowledge when he last left her house about 3:00–3:15 p. m.

The next defense witness was Gladys Hawkins, owner of Freeda's Bar and Grill on S.E. 29th Street, who testified that she had observed defendant consume one, or part of one, can of beer at her establishment at approximately 3:30 p. m.

Defendant, testifying in his own behalf, stated that he had been to his doctor's office that morning, had received a prescription for the tranquilizer and had taken a dosage some time that day. In support of this claim, defense counsel attempted to introduce into evidence a letter allegedly written by defendant's doctor, verifying that the doctor had, in fact, prescribed the tranquilizer for a nervous condition. The doctor did not testify. The court sustained the State's objection to the letter as hearsay. When questioned about the whiskey bottle which had been found by his side at the time of his arrest, defendant denied any knowledge of how it got there.

In his first assignment of error, defendant argues that the trial court erred in overruling his pretrial motion to quash and set aside the information on which the charge was based. He claims that the information was fatally defective in that defendant's name did not appear in the charg-

ing part of the information. The pertinent part of the information reads as follows:

". . . On or about the 27th day of April, 1973, in Oklahoma County, State of Oklahoma . . . [blank] . . ., whose more full and correct name is to your informant unknown, then and there being, did then and there wilfully, unlawfully and feloniously commit the crime of OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR (47 OSA 11–902) . . ."

Defendant asserts that the omission of his name in this part of the information rendered the information void as per 22 O.S. 1971, § 402, which states:

"The indictment or information must be direct and certain as it regards:

1.  The party charged.

2.  The offense charged.

3.  The particular circumstances to the offense charged, when they are necessary to constitute a complete offense."

▇ An examination of the information in the instant case reveals that while defendant's name did not appear in the charging part of the information, it did clearly appear in the caption and in the verification of the charge by the District Attorney. Allen v. State, 63 Okl.Cr. 16, 72 P.2d 516 (1937), cited by defendant, is not in point, since there the name of the defendant appeared nowhere in the indictment. True, there is dicta in that case to the effect that the statement of a defendant's name in the caption, without stating it in the charging part or making any reference thereto in the charging part, is insufficient. (Allen v. State, supra, citing 31 C.J. 689) However, that statement in the context of the *Allen* case applied to a situation where there was a total omission of defendant's name from the entire indictment. Such is not the case here, and we accordingly find no merit to this assignment of error.

■ Defendant's second assignment of error challenges the ruling of the trial court excluding as hearsay the letter from his doctor which defendant attempted to offer as evidence. Defendant argues that the letter was admissible because it would have tended to corroborate the testimony of defense witnesses to the effect that defendant had taken a tranquilizer on the day of his arrest. Defendant cites note 18, following 47 O.S.1971, § 11–902, which makes only a broad statement that, in a trial for driving an automobile while under the influence, evidence of all facts and circumstances directly tending to establish or negative accused's intoxication is admissible. A look at the case to which the above annotation referred, Drew v. State, 71 Okl.Cr. 415, 112 P.2d 429 (1941), shows it to be clearly inapplicable to the question of hearsay. There, this Court found that the trial court erred in refusing defendant's offer of proof as to what liquid he had consumed, whether it had contained any alcohol, and if so the exact amount of alcohol it had contained. No question of hearsay was involved in any way. In fact, a look at the case itself shows that the language quoted in the annotation note is from the following paragraph:

> "The fact of intoxication is proved or disproved in the same manner as any other disputed fact; and *the rules of evidence are much the same as in other judicial inquiries.* Hence, evidence of all facts and circumstances directly tending to establish or negative the intoxication of the accused is admissible." [Emphasis added]

Thus, the cited case does not in any way dispense with the normal rules as to the exclusion of hearsay. The letter involved in the instant case is plainly hearsay, as it involves the unsworn statement of an out-of-court declarant, defendant's doctor, and was offered to establish the truth of the matter asserted. As we stated in Wing v. State, Okl.Cr., 490 P.2d 1376 (1971), quoting from In re Porter's Estate, 208 Okl. 475, 257 P.2d 517 (1953):

> "Evidence is hearsay when its force depends on the competency and credibility of some person other than the witness; and statements otherwise objectionable as hearsay are not admissible because they have been reduced to writing."

Suffice it to say that the letter in question was clearly excludable as within the above definition of hearsay.

■ In his third assignment of error, defendant argues that the trial court erred in refusing to sustain his demurrer to the evidence. He argues that the testimony of Officer Childs, uncorroborated by evidence that defendant was given any sobriety tests, was insufficient to support the charge. In Tilley v. State, Okl.Cr., 511 P. 2d 586 (1973), we quoted Lippoldt v. State, Okl.Cr., 271 P.2d 745 (1954), as standing for the proposition that evidence that an officer observed a defendant's vehicle weaving on the highway and that defendant was intoxicated at the time of arrest is sufficient to sustain a conviction for the offense of driving while under the influence of intoxicants. Such is clearly the case here, and we, therefore, find this assignment of error to be without merit.

■ Defendant's fourth and final assignment of error alleges that the three year sentence imposed was excessive. We refer to 47 O.S. § 11–902, which states:

> " . . . Any person found guilty of a second or subsequent offense under the provisions of this section shall be deemed guilty of a felony and upon conviction thereof shall be punished by imprisonment in the state penitentiary for a period of time not less than one year and not to exceed five years, and a fine of not more than One Thousand Dollars ($1,000.00)."

Thus, the three year sentence imposed here was well within the statutory range of punishment. In view of the fact that defendant admitted to seven prior convictions for the same offense, we do not view the sentence as being excessive at all. De-

fendant's fourth assignment of error is accordingly without merit.

For all of the above and foregoing reasons, the judgment and sentence appealed from is AFFIRMED.

BLISS, P. J., and BRETT, J., concur.